Ithamer P. Smith and others *v.* Ebenezer Bowen and
Martha Bowen, his Wife.

Where a person holds an estate in trust, with the power to dispose of it for the
benefit of herself and certain others, a disposition of the same to one
acquainted with the nature and character of the trust, without any consider-
ation for the benefit of *cestuis que trust*, will be deemed fraudulent as to the
beneficiaries.

The vested interest of *cestuis que trust* cannot be impaired or destroyed by the
voluntary act of the trustee, in breach of the trust; but will follow the land
in the hands of the person to whom it has been conveyed by the trustee with
knowledge of the trust.

Appeal from order granting new trial, with stipulation for
final judgment. The case was this, in substance: On the
12th October, 1835, one Ebenezer Titus died, leaving a last
will and testament, which was admitted to probate on the
12th March, 1836. A clause of the will was as follows:
" All my estate, both personal and real, of which I shall die
possessed, which is not hereinafter specified as given to my
dear children, I give to my beloved wife Martha, to be used
and disposed of, at her discretion, for the benefit of herself
and my daughters, Mercy R., Larissa, and Mary Ann." Of
these daughters named in the will, Mercy R. and Larissa
had, at the death of the testator, attained their majority, and
Mary Ann was a minor. Mercy R. was then married to one
Samuel Copeland, and Larissa and Mary Ann subsequently
became the wives respectively of Lucien B. Lathrop and
Ithamer P. Smith; and all are plaintiffs in the suit. In
March, 1836, letters of administration, with the will annexed,
were granted to the testator's widow, Martha Titus, and she
took on herself the burden of administration. At the time
of the death of Ebenezer Titus, he was possessed of two
adjoining parcels of land, one of which he owned in fee, and
the other he had contracted in writing to purchase from one
James Fisk for the sum of one hundred dollars, to be paid on
or before the 1st April, 1836, and had paid seventy dollars
on the contract before he died. The balance of the $100 of

purchase-money was subsequently paid by the administratrix out of the proceeds of his estate, and Fisk thereupon conveyed the premises, by deed dated on 10th April, 1836, to Martha Titus, in fee, without the knowledge or consent of any of the three daughters of the testator, viz., Mercy R., Larissa and Mary Ann. Martha Titus, the widow, took possession of both parcels of land at the time of taking out letters of administration, and continued in possession thereof until the 20th April, 1846, when she conveyed. the whole premises in fee to Martha Bowen, the wife of Ebenezer Bowen, and another daughter of the testator, by deed of that date. The consideration expressed in the deed was $400, but the actual consideration consisted in a verbal agreement to pay to the grantor, Martha Titus, the sum of $28 per year as long as she lived; also the sum of $13.50 due from such grantor to the grantee, her daughter, for money borrowed two years previously; also a claim of $200 which Mrs. Bowen asserted against her father, Ebenezer Titus, and a claim of $20 made by Ebenezer Bowen, her husband, against him; neither of which latter claims were valid or could have been enforced against the testator's estate. The value of the property conveyed was about $1,000, and the grantee, Martha Bowen, at the time of taking the deed, had knowledge of all the facts before stated relative to the title to the property conveyed to her, and how it was held.

On or about the 23d May, 1852, Martha Titus died intestate, leaving,. as a part of the estate of Ebenezer Titus, a mortgage of about $800, and the land mentioned.

In 1854 the three daughters of Ebenezer Titus named in his will, viz., Mercy R., Larissa and Mary Ann, in conjunction with their husbands, brought this action, setting forth in their complaint substantially the matters above stated and relating to the will, and alleging that Martha Titus had no power to convey the parcels of land to the said Martha Bowen in the manner they were conveyed; that the latter took no title by virtue of such conveyance, and that the same is void; and that the legal and equitable title of the said parcels of land is in the plaintiffs, under the will of their

father, Ebenezer Titus, as joint tenants or tenants in common; and claiming judgment that the deed from Martha Titus to Martha Bowen be adjudged null and void, and set aside, and that the defendants, Martha Bowen and her husband, Ebenezer Bowen, be compelled to convey to the plaintiffs or their wives, by deed, the parcels of land, with proper covenants against their own acts; that the plaintiffs may be in all things restored to the same state and condition as if the said deed had never been made; and that the defendants may be compelled to surrender to them the possession of the parcels of land, with the rents, issues and profits thereof during the time they have been in their possession; and for such other and further relief in the premises as should be agreeable to equity.

The cause was brought on for trial before Mr. Justice KNOX, without a jury, at a Special Term held in the county of Monroe, in June, 1860. The judge found the facts as above stated, and as conclusions of law, that the will of Ebenezer Titus vested in Martha Titus one-fourth of the real estate in fee, and that as to the remaining three-fourths, she held the same in trust for her daughters, with the power to dispose of the same, the title to the said three-fourths being vested in the heirs of the testator, subject to the execution of the power; that by virtue of the conveyance from Martha Titus to the defendant, Martha Bowen, the latter became vested in fee of the premises described therein, and that the defendants are entitled to judgment, and that the complaint be dismissed, with costs. To these conclusions of law, and to a dismissal of the complaint, the plaintiffs excepted.

On appeal to the General Term the judgment of the Special Term was reversed and a new trial ordered, and from the order granting a new trial the defendants appeal to this court, assenting that if the order be affirmed, judgment absolute shall be rendered against them.

*A. Lathrop*, for the plaintiffs.

*Geo. P. Townsend*, for the defendants.

Wright, J. The judge at Special Term held that by virtue of the conveyance from Mrs. Titus to Mrs. Bowen, one of the defendants, the latter became seized in fee of the premises, and gave judgment dismissing the complaint. The question is, whether, upon the facts of the case, as conceded and found by the judge, there was a correct disposition of it.

The land conveyed was owned by Ebenezer Titus at the time of his death. He died in 1835, leaving a will containing the following clause: "All my estate, both personal and real, of which I shall die possessed, and which is not hereinafter specified as given to my dear children, I give to my beloved wife Martha, to be used and disposed of at her discretion for the benefit of herself and my daughters, Mercy R., Larissa and Mary Ann." The plaintiffs were the three daughters named; and it is upon this disposition the case principally turns.

The disposition was construed, at Special Term, as vesting in the wife one-fourth of the estate, the real estate in fee, and the personal estate absolutely; and that as to the remaining three-fourths, a trust was created in favor of the testator's three daughters named. I am inclined to think this was the proper construction to be given to it. It was manifestly intended, by the testator, that as to one-fourth the wife should have the entire and exclusive interest, use and benefit; and as to the remaining three-fourths, I think he designed that she should take and hold in trust for the three daughters. It is expressly declared that the gift is for the benefit of the wife and the daughters; and in the absence of any theory evincing a different intention, it must be understood that the four were to share equally.

Assuming, then, that the testator intended to create a trust in three-fourths of the estate in favor of the daughters, was it a valid trust? The trust was to "use and dispose" of the real and personal estate for the benefit of the *cestuis que trust.* As to the disposition of the real estate (and that is all we have to do with in this controversy), it was plainly illegal, under the provisions of the Revised Statutes in relation to uses and trusts. (1 R. S., 728–730.) No trust can be lawfully created to sell lands, except to pay debts and lega-

cies, or satisfy some charge on the land. (1 R. S., 728, § 55.) But, though the trust for the disposal of the real estate was void as a trust, it was valid as a power in trust (1 R. S., 729, § 58), the title as to three-fourths of such estate not vesting in Mrs. Titus, but in the heirs of the testator, subject to the execution of the power. By the will of her husband, then, Mrs. Titus held in trust for the three daughters (the plaintiffs), three-fourths of the real estate in question, with the power to dispose of the same, the title to the land being vested in the heirs of the testator, subject to the execution of the power. In April, 1846, the trustee conveyed the land to her daughter, Martha Bowen. The transaction took the form of a purchase; Mrs. Titus selling, and Mrs. Bowen (who knew all the facts relating to the trust, and how her mother held the land) giving for it a claim against the trustee individually of $13.50 for borrowed money; two pretended claims of $200 and $20, respectively, of herself and her husband against Ebenezer Titus, neither of which were valid; and agreeing verbally to pay the trustee, as long as she lived, the sum of $28 per year. This embraced the entire consideration for the conveyance; and, in my judgment, it was not such a one as could uphold it under the trust power. The pretended sale was the cover for a mere gift; the consideration was palpably fraudulent as against the beneficiaries, and cannot be regarded as an act done for their benefit, and under the power in trust.

The case was simply this: Mrs. Titus had the estate in trust, with the power to dispose of it for the benefit of herself and the plaintiffs. She conveyed it to her daughter, Mrs. Bowen (who had full knowledge of the nature and character of the trust), without any consideration whatever of benefit to the plaintiffs, the *cestuis que trust*. The transaction was a fraud on the beneficiaries, and Mrs. Bowen was a party to it. She was not a *bona fide* purchaser, for she, in fact, gave nothing for the land, and had notice of the trust. The vested interest of a *cestui que trust* cannot be impaired or destroyed by the voluntary act of the trustee, in breach of the trust, but the trust will follow the land in

the hands of the person to whom it has been conveyed by the trustee with knowledge of the trust.

My conclusions are, that, in respect to the daughters (the plaintiffs), the conveyance by Mrs. Titus to Mrs. Bowen was no valid execution of the trust power. The deed was without any pecuniary consideration, a mere gift. It was executed for the benefit of Mrs. Bowen, in collusion with the trustee, and not for the benefit of the beneficiaries, but in fraud of their right. The consideration was not such as could uphold the deed under the trust power; for it was clearly and palpably fraudulent as against the beneficiaries, and cannot be regarded as an act done for their benefit, and under the power. At most, by the conveyance, Mrs. Bowen only took the interest of her mother in the estate conveyed.

I think, therefore, that it was error to hold, as the judge did, that by virtue of the conveyance from Mrs. Titus, the trustee, to Mrs. Bowen, the latter became seized in fee of the premises, dismissing the complaint. It seems to me that, under the facts of the case, the plaintiffs were entitled to have the deed as to three-fourths of the estate it purported to convey, declared invalid, and that portion of the estate sold for their benefit, or conveyed to them, and an account and payment of the rents and profits. The order of the General Term granting a new trial should be affirmed, and judgment absolute rendered against the appellants.

LEONARD, J. The counsel for the appellants has very candidly, and I think justly, waived any claim to maintain the devise to Martha Titus, the wife of the testator, as a valid trust under the statute relating to "uses and trusts" (ch. 1, part 2, title 2, art. 2), or as a power in trust under section 56 of that article. It is insisted, however, that it is valid as a power in trust under section 58 of article 2. (1 R. S., p. 729; marg.)

That section (58) directs as follows, viz.: "Where an express trust shall be created for any purpose not enumerated in any of the preceding sections, no estate shall vest in the trustees; but the trust, if directing or authorizing the

performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers contained in the third article of this title."

The trust under the will is to "use and dispose of the estate, not otherwise devised, for the benefit of the testator's wife, the person named as the trustee, and his three daughters, Mercy, Larissa and Mary Ann." It is an authority to sell and apply the proceeds, and these are acts which the owner might lawfully have performed. These are also acts authorized to be performed under a power as defined by section 74, article 3, "of powers." (2 R. S., p. 732.)

The authority cannot be derived under section 56 of the article in relation to "uses and trusts," because that relates only to cases where the trust authorizes the trustees to sell or mortgage, and not to receive the rents, and the will here purports to vest the estate in the trustee, who is, of course, authorized, if the trust were valid, to collect the rents.

Looking, then, into the article in relation to "powers," to which a power in trust is, by section 58 of the preceding article, made subject, we find that the trust cannot be executed as a general power in trust, under section 94 of the 3d article, because the grantee is one of the persons entitled to the benefits to result from the alienation of the land. Nor can it be executed as a special power in trust under the first subdivision of section 95, as there is no limitation as to the persons to whom the estate is to be conveyed.

The second subdivision of that section defines a special power to be in trust, also "when any person or class of persons other than the grantee is designated as entitled to any benefit from the disposition or charge authorized by the power." The will in this case designates three persons, daughters of the testator, besides the trustee, who are to be benefited by the disposition of the land.

It appears, therefore, that the trust may be lawfully executed under this provision in relation to powers.

But no estate vested in Mrs. Titus as trustee. It is directly so declared by section 58, page 729. The trustee

TIFFANY — VOL. VIII.    12

was, however, one of the persons entitled under the will to the benefit of a portion of the estate.

It is found as a fact by the judge before whom the action was tried, that the claims against the estate of the testator, which the defendants insisted on as the consideration for the conveyance from the trustee to the defendant, Martha Bowen, were such as could not be enforced against his estate. It is tantamount to a finding that there was no consideration to the extent of these pretended claims. There was, therefore, no present consideration paid. There was also an agreement to pay the said trustee $28 per annum during her life, and this was so paid for a period of six years. It is also found as a fact that Mrs. Bowen knew the trust upon which Mrs. Titus held the title, although Mrs. Titus appeared to hold in fee simple by deed from the former owner to herself, the testator never having taken a deed, but holding a contract for the land, by which Mrs. Titus obtained the said conveyance.

There was, therefore, no valid execution of the trust as a power. Mrs. Bowen knew it; she knew that she was purchasing from a mere trustee, or from one holding a power in trust, to whom nothing was paid, and who was violating the trust which had been reposed in her. Had not the trustee been one of the four persons for whose benefit the estate was devised, the conveyance to Mrs. Bowen would have been wholly void as against the beneficiaries under the will. Upon the death of the testator, the estate vested in the four persons named as those for whose benefit it was " to be used and disposed of." This would have been otherwise had there been a suspension of the power of alienation for the term of these four lives. But the power of alienation was not suspended at all. Mrs. Titus could convey at her discretion. Her conveyance to Mrs. Bowen is good only to the extent of her own interest.

The order appealed from should be affirmed, with costs; and the defendants having so stipulated, the judgment should be made absolute.

Order affirmed.