WHITEHEAD v. TAPP, *et al.*, *Appellants.*

**Homestead**: HEAD OF A FAMILY. Any man who has a wife is the head of a family, within the meaning of the homestead act. It does not matter that his wife may have deserted him, and may be residing in another State, and that he may himself be living in improper relations with another woman. ˄ (*Brown v. Brown*, 68 Mo. 388.)

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

*Ballingal & Gwynne* for appellants.

*Milton Moore* and *A. A. Tomlinson* for respondent.

SHERWOOD, C. J.—The controlling question in this case is, whether Arnes was the head of a family. This point is established unmistakably by the evidence that he had a wife living in Quincy, Illinois, who had deserted him for another. This desertion, on the part of the wife, did not, however, sunder the existing marital relations, or make Arnes any the less a housekeeper, or head of a family, than he was prior to that occurrence. The recent case of *Brown v. Brown's Admr.*, 68 Mo. 388, is directly in point. Anterior to the date of obtaining a divorce from his first wife, it was perfectly within Arnes' power to forgive her short comings, and condone her roving fancy; and the mere fact that this never occurred did not alter the status of the parties *inter sese.* Arnes was still a married man, and consequently the head of a family; being so, evidence that improper relations were maintained between Arnes and the woman who lived in the same house with him, was irrelevant and properly rejected, since the domicile of the husband draws after it that of the wife, and so soon as it became the homestead of the husband, it became, also, the homestead of the wife, and that too, though the wife lived in another State. Thompson on Homesteads, § 259, and cases cited. Under this view, it becomes unnecessary to

closely scrutinize the instructions given for plaintiff, or those refused defendants, and we affirm the judgment. All concur.

AFFIRMED.