## ROBERT M. IRELAND, Respondent, *v.* ROBERT IRELAND AND ANNA S. IRELAND, Appellants.

*Devise to an executor, for the benefit of himself and others — when he has no discretion in distributing the fund.*

A testator appointed his wife executrix and gave her the net income of his estate during her life, and upon her decease appointed his son Robert executor, and devised and bequeathed to him all the residue of his estate, to receive the rents, issues and profits thereof, and to apply "one-half of said net income to the use and for the maintenance and support of my son Robert Ireland (the executor), his wife and children, during the life of my said son Robert." Robert Ireland had but one child the plaintiff in this action.

*Held*, that the executor had no discretion in distributing the income among the beneficiaries, but that each was entitled to receive the one-third part thereof.

Appeal from an interlocutory decision, directing an accounting by the defendant Robert Ireland, as executor of the will of William B. Ireland, deceased. The plaintiff is the only child of the said Robert Ireland, and the defendant Anna S. Ireland is his wife.

The testator died in 1866, leaving a will which provided, among other things, as follows :

" Third. I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, of what kind or nature soever, or wheresoever situated, of which I may die seized or possessed, unto my said beloved wife, Anna Sophia, to have and to hold the same in trust, to receive the rents, profits, and revenue arising therefrom, \* \* \* to apply the net income to her own use, for and during her natural life, leaving it entirely to her discretion to apply or not, any portion of said net income to the use of either of my children. \* \* \* \* \* \*

" Fourth. From and after the decease of my said wife, I give, devise and bequeath the aforesaid rest, residue and remainder of my estate, mentioned in the beginning of the third clause of this my will unto my executor, hereinafter nominated, to have and to hold the same upon trust, to receive the rents, profits and revenue arising therefrom and after paying therewith all taxes, assessments, insurance, Croton water charges, expenses for repairs and all

other necessary charges incidental to the proper care and management of my estate, to apply one-half of the net income to the use and for the maintenance and support of my son, William John Ireland, his wife and children, during the natural life of my said son William John, and to apply the remaining half of said net income to the use and for the maintenance and support of my son Robert Ireland, his wife and children, during the life of my said son Robert. * * * * * * *

"Lastly. I hereby nominate and appoint my said wife Anna Sophia Ireland, sole executrix, and from and after her decease, I nominate and appoint my said son Robert Ireland, sole executor of this my last will and testament." * *

The wife died in 1874, and the defendant Robert was appointed executor. The plaintiff and the defendant Anna S. Ireland claimed to be entitled to have the one-half of the net income divided equally between them and Robert, and the court below so decided.

*C. Frost*, for the appellant Robert Ireland. The exercise of the power conferred by the fourth clause is discretionary with the executor — although the word "discretion" is not used — it is necessarily implied. (*Vaughn* v. *Marquis of Hedford*, 10 Simons [Eng. Ch. R.], 641; *Withers* v. *Yeadon*, 1 Rich. Equity [Ct. of App., *S. C.*]; *Collins* v. *Caslisle*, 7 B. Munroe [Ky.], 13; *Harper* v. *Phelps*, 21 Conn., 257.) If, then, it shall be held that the application of the income was in the discretion of the executor, the court cannot interfere with the exercise of such discretion, unless it shall appear that the executor is acting *mala fide*. (*Mason* v. *James et al.*, 3 Edwards Ch. R., 497; *Bunner* v. *Storm*, 1 Sand. Ch. R., 358; *French* v. *Davidson et al.*, 3 Maddock Ch., 396; *Miller* v. *Miller et al.*, 5 id., 424.)

*J. T. Williams*, for the appellant Anna S. Ireland.

*E. C. Delavan*, for the respondent. When an estate or an income is given to support and maintain parents and children they share equally in the fund. (*Smith* v. *Bowen*, 35 N. Y., 83; *Jubber* v. *Jubber*, 9 Simons, 503; *Woods* v. *Woods*, 1 M. & C.,

401; *Franklin* v. *Schermerhorn*, 8 Hun, 112; *Hilton* v. *Bender*, 69 N. Y., p. 86.) Where a trust is created, and the trustee is one of the *cestuis que trust*, all the *cestuis que trusts* share equally, and any one may enforce the trust as against the trustee. (*Raikes* v. *Ward*, 1 Hare's Chan., 445; *Chase* v. *Chase*, 2 Allen [Mass.], 101.) Where a trustee is one of the *cestuis que trust*, the court will construe the terms of the trust most strongly against the trustee. (*Matter of Moke*, 2 Redfield's Surrogate, 429; Perry on Trusts, § 59.)

GILBERT, J.:

We see no reason to doubt the correctness of the judgment below.

By the third clause of his will the testator gave the entire net income of his estate to his widow during her life, leaving it entirely to her discretion to apply or not any portion of said net income to the use of either of their children.

By the sixth clause, the construction of which is in question, he directed his executor, after the decease of his widow, " to apply one-half of the net income to the use and for the maintenance and support of his son Robert Ireland (who qualified as executor), his wife and children during the life of his said son Robert."

There is nothing in the language of this clause indicative of an attempt to vest the defendant Robert Ireland with discretion to diminish the shares of the income given to the beneficiaries respectively, or to vest said Robert with more than one-third of the share in question.

The direction to him was plain and imperative, to apply the fund for the support of himself, his wife, and his son, and his duty in making the distribution is simply ministerial.

Whenever an estate or fund is given, either by statute or devise, for the maintenance of parents and children, they are held to participate equally in it. (*Smith* v. *Bowen*, 35 N. Y., 83; *Franklin* v. *Schermerhorn*, 8 Hun, 112; *Hilton* v. *Bender*, 69 N. Y., 86.) And if it be given to one of the participants in trust for himself and the others, any one of the *cestuis que trust* may enforce the trust as against the trustee (*Chase* v. *Chase*, 2 Allen, 101), who can be held responsible for any misapplication of the fund. (*Smith*

v. *Bowen, supra.*) A comparison of the clause in question with the third clause, in which the widest discretion is expressly, and for reasons set forth at length, vested in the widow while acting as executrix, is strongly confirmatory of the views above expressed, and leads to the conclusion that the testator did not intend to confer the same discretion upon her successor.

The judgment and order of the Special Term must be affirmed, with costs.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Judgment affirmed, with costs.