*In re* SHEDD'S ESTATE.

(*Surrogate's Court, Chautauqua County.* September 8, 1890.)

ALLOWANCE TO WIDOW—WHAT CONSTITUTES FAMILY.

Rev. St. N. Y. (8th Ed.) p. 2557, § 9, which directs that, where a man "having a family" shall die leaving a widow or a minor child, certain of his property shall be set apart for the use of the widow, should be liberally construed in the widow's favor; and the fact that a man died without leaving any minor children, and that he had ceased to live with his wife for 10 years preceding his death, during all of which period he had not kept house, and during the greater portion of which he had contributed nothing to her support, will not deprive the wife, who was never unfaithful to her marriage vows, of any part of the property so exempted, on the ground that deceased died without a family.

On motion by Mrs. Shedd, widow of James P. Shedd, deceased, to compel the executor of said deceased to set apart as her exemption the property provided for in Rev. St. N. Y. (8th Ed.) p. 2557, § 9.

*Obed Edson,* for petitioner.  *F. W. Stevens,* for executor and legatee.

SHERMAN, S. The testator died October 10, 1889, leaving real estate of the value of $800, and personal, $3,000, and three children, two sons and one daughter, aged 42, 40, and 24 years, respectively; and a widow aged 65 years, the mother of said children. By his will he bequeathed and devised all his property to his son Ezra H. Shedd, and appointed him executor. He and his wife had not lived together during 10 years previous to his death, and he had not during that time kept house, or had any servants. At the time he and his wife ceased living together, the daughter was 14 years old, and thereafter lived with her mother the greater part of the time until she was of age, and her mother boarded her and her father paid for her clothing and all her bills, but not for her board. During a year and a half after such husband and wife ceased living together, he did contribute to her support to some extent. No cause is assigned for their ceasing to live together as husband and wife, nor for his entire neglect to aid in her support during the 8½

years immediately preceding his death.  During a portion of said 10 years they lived in the same neighborhood but not in the same house.

Application is made by the widow for an inventory and to order the executor to set apart property to her under the statutes relating to widows' exemptions, and is opposed upon the grounds that the widow, at the time of her husband's death, was not a member of his family, and is in no way interested in his estate, and that the deceased died leaving no family, and therefore that the statute,[1] which provides for exemptions by its terms only "where a man having a family shall die leaving a widow or minor child or children, the following articles shall not be deemed assets, but shall be included and stated in the inventory, without being appraised," does not apply to this case upon the undisputed facts stated above.  I am of the opinion that this statute must receive a broader and more liberal construction than that claimed by the learned counsel for the contestant.  For numerous legal meanings of the word "family" see Bouvier's New Law Dictionary, defining such word as used in statutes of different states, and decisions of courts.  The very terms of the statute provide that the family of the deceased testator may consist solely of his surviving wife or minor child.  Whether such widow or child may have been living with and been supported by him at his death, would seem to be immaterial.  There is nothing in this case tending to show that the wife was ever unfaithful to her marriage vows.  The whole trend of legal authorities appears to conserve the rights of the widow to her exemptions upon the grounds of public policy, justice, and humanity; and the remedial statutes relating to the same must receive a liberal construction.  The legal obligations of the husband compel him to support his wife and minor children.  That he did not do it in this case is no argument in his favor, and, considering the relation of the parties as husband and wife, every reasonable presumption must be made in her favor.  The conclusion would not seem unreasonable that he did fail to keep his marital vows to her. *Pierce* v. *Pierce*, 71 N. Y. 154; *Vedder* v. *Saxton*, 46 Barb. 188; *Fox* v. *Burns*, 12 Barb. 677; *Voelckner* v. *Hudson*, 1 Sandf. 215; *Sheldon* v. *Bliss*, 8 N. Y. 31; *Lewis* v. *Smith*, 9 N. Y. 502; *Harper* v. *Leal*, 10 How. Pr. 276, 282, 283; *Guidet* v. *Brown*, 54 How. Pr. 409; *Curry* v. *Curry*, 10 Hun, 366; *Kneettle* v. *Newcomb*, 22 N. Y. 249; Dayt. Sur. 275, (3d Ed.,) quoting decision of surrogate of New York, in point, not reported; *Woodward* v. *Murray*, 18 Johns. 400; *Scofield* v. *Scofield*, 6 Hill, 642; *Kapp* v. *Public Administrator*, 2 Bradf. Sur. 258.  In the case last cited, the court says:  "There is some meaning in the circumstance that the words 'for use of his family' were substituted by the legislature for the words 'in any dwelling-house' as originally reported by the revisers."  *In re Steward's Estate*, 10 N. Y. Supp. 24, and cases therein cited on question of construction of remedial statutes.  The burden of proof to show that the wife was at fault in the separation rests with the husband.  *Sears* v. *Shafer*, 6 N. Y. 268, 1 Barb. 408, 417.  To hold that a husband may, by brutal or inhuman conduct, compel his wife or minor child to remove from his household, and thus sever his family relations with them, and by such acts deprive them of their just share in his property at his death, would seem to be most unjust and absurd.  I direct decree that the executor, Ezra H. Shedd, make and return an inventory of the property of the deceased, as required by law, within 15 days after service of a copy of such decree on him, and that in default an attachment be issued against him.

[1] Rev. St. N. Y. (8th Ed.) p. 2557, § 9.