(Surrogate's Court, Westchester County. December, 1894.)

WILLS—CONSTRUCTION—POWER OF DISPOSAL.

A will appointed an executor, and left to his judgment, as he may see fit, "the disposal of all my real and personal property, to be divided among my heirs as his judgment may deem best, * * * and to be sold or held as long as he may deem best for the interest of my heirs," does not create a trust, but merely confers a power of sale on the executor, to be exercised in his discretion.

Judicial settlement of the accounts of Joseph Spears as executor of William C. Spears, deceased. The will, omitting the formal parts, was as follows:

"I hereby make my brother Joseph Spears, sole executor, and leave to his judgment, as he may see fit, the disposal of my real and personal property, to be divided among my heirs as his judgment may deem best and most fitting to him, and to be sold or held as long as he may deem best for the interest of my heirs."

Sackett & Lang, for executor.

Samuel Keeler, for contestant, William J. Spears, and special guardian for minors.

COFFIN, S. The first thing to be considered is whether the rents accrued from and the expenditure upon the real estate at Clausen's Point are proper items to be considered upon this accounting, or have any proper place in the account. This depends upon the construction of the will. It seems quite clear that no valid trust under the statute of uses and trusts is created. The cases on the subject are numerous, but only a few need be cited. Smith v. Bowen, 35 N. Y. 83; Cooke v. Platt, 98 N. Y. 35; Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625; Clift v. Moses, 116 N. Y. 144, 22 N. E. 393. The use of the word "disposal" can mean nothing more than a sale, and the words, "to be sold or held as long as he may deem best for the interest of my heirs," confer only a power of sale, to be exercised in the executor's discretion. In fact, the will confers only a power of sale for the purpose of division among his heirs in the manner he may deem most fitting. The title vested in the widow and heirs, and so remains, subject only to the exercise of the power. The remedy, if any, in regard to the rents and the claim for expenditures, must be sought in some other tribunal having a jurisdiction which this court does not possess. The two horses mentioned in the inventory remain unsold, partially for the alleged reason that the sale was deferred at the request of the parties in interest, with the expectation or hope that they might bring a larger sum in the future. It is the settled rule that the duty of an executor is to convert the personal estate into money with as little delay as may consist with the interests of the estate, and this rule applies with greater force where the delay engenders an expense in keeping the property. The executor should have disposed of these horses as speedily as fairly possible, without regard to the wishes of the beneficiaries, unless all were sui juris, which

they were not.  The delay has caused a large expense for their care and keep, which the executor seeks to have allowed to him. He should be charged with the value fixed by the inventory, and allowed for care and keep for six months, which gave him ample time for their conversion into money, and with interest from that period.  The executor must be held liable for the value of the plants and shrubs in the greenhouse, which were personal property, and whose destruction was due to his negligence.  Their value is not satisfactorily established, but it is believed that at an auction or private sale they would not have yielded a net amount of more than $150, and the executor should be charged with that sum.  The contestants seek to surcharge the executor's account by adding to the debtor side the one-half of the sum of about $2,300, which was in bank in the joint names of himself and the deceased.  Of course, it was incumbent on them to establish this claim, and they examined the executor, who furnished all the evidence on the subject, with that view.  He testified that the whole belonged to him, and the facts stated by him tend to show that such was the case.  It is not, therefore, a debt due the deceased from him.  The executor should be charged with the net rents of the premises on Second avenue, New York, where not already so charged.  It was and is leasehold property, and therefore assets.  Counsel for contestants is content that it remain unsold, as it produces a satisfactory income.  The corrections of the account should be made according to the stipulations as disclosed by the minutes of the testimony. If the decision of any point has been omitted, attention may be called to it on the settlement of the same, when it will be disposed of.  Ordered accordingly.