(71 Misc. Rep. 64.)

### OBERNDORF v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Special Term, New York County. February, 1911.)

WILLS (§ 501*)—CONSTRUCTION—"FAMILY."

A wife, who has separated from her husband, constitutes his "family," within the meaning of testamentary provisions for the benefit of himself and family, contained in his father's will, made before the separation, when there are no children, and the husband receives an income from such estate, payable to the benefit of himself and family, but contributes none of it for his wife's support.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1069; Dec. Dig. § 501.*

For other definitions, see Words and Phrases, vol. 3, pp. 2673–2691; vol. 8, p. 7661.]

Action by Minnie G. Oberndorf against the Farmers' Loan & Trust Company and others to construe a will. Judgment for plaintiff.

May & Jacobson, for plaintiff.

Turner, Rolston & Horan, for defendant Farmers' Loan & Trust Company.

Willis Bruce Dowd, for defendants William and Edward Oberndorf.

PLATZEK, J. Julius Oberndorf died on October 21, 1896. He made a will on October 1, 1895, and a codicil thereto on September 26, 1896. Both instruments were admitted to probate in New York county November 13, 1906. In his will he provided, among other things, as follows:

"I authorize and direct my executors and trustees to pay out of the trust funds an equal one-half part of the net income of my said residuary estate to my son, William D. Oberndorf, during the period of his natural life *for the benefit of himself and family.* * * * In the event of the death of my said *son and his wife* dying without lawful issue the income of the said one-half share shall be equally divided between the children of my daughter Paula," etc.

---

The material recitals in the codicil are:

"I authorize and direct my executors and trustees, directing their attention to subdivision 5 of the fifth paragraph of my will, *to pay over the income to the wife* of my son William during the pendency of her natural life, in the event of the death of my said son William, no children surviving. In the event of a child or children surviving my son William at his death, the income should be divided into two parts, one-half to be devoted to the support and maintenance of *his widow* during her lifetime and the remaining one-half to the support, maintenance and education of his children until such time as provided for in said subdivision 5 of paragraph 5."

This action is brought to construe certain provisions of the will and codicil of the testator. It is well settled that in the construction of a will or codicil the real question to be decided is the intent of the testator. If the provisions are not ambiguous, the intent must be determined by the language of the instrument alone; and only when the language is ambiguous may extraneous circumstances be referred to or considered to ascertain the actual intent. Where the intention of the testator is revealed, it furnishes the rule by which the instruments must be construed. A reasonable, and not a strained or unlikely, construction is favored. The plaintiff and the defendant William D. Oberndorf were married October 3, 1893, and there is no issue of this union, nor has the marriage been dissolved. The couple were living and cohabiting together when the will and codicil were executed, and at the time of the testator's death, and until September, 1907, when they separated. On September 26, 1896, less than four weeks before the testator passed away, he provided in the codicil to his will for the payment of income *"to the wife* of my son William" in the event of his death without issue, and that, if he left children, then half of the income was to be devoted to the support of his son's *widow* and the remainder to the maintenance of the children. Only in case both the son and daughter-in-law should die without children was the entire income to go to other relatives.

It is manifest that the testator when he used the word "family" intended to provide for the wife of his son in case she was childless, and for her and her children if any were born. Whether the term "family" includes the "wife" of the person designated when there are no children is a question upon which jurists and text-book writers have differed. The weight of authority, however, upholds a gift for the benefit of the husband and his family to include a childless wife who is dependent upon her spouse for support. It has been held that a husband and wife without children constitute a family. Kitchell v. Burgwin, 21 Ill. 40; Crosgrove v. Crosgrove, 69 Conn. 416, 38 Atl. 219. A childless widow is included in the term "family." Estate of Walley, 11 Nev. 260. A deserted wife without children is within the term "family." Berry v. Hanks, 28 Ill. App. 51. "Having a wife is having a family." Cheshire v. Burlington, 31 Conn. 326; Kain v. Fisher, 6 N. Y. 597. The marriage of the Oberndorfs not being dissolved, the husband is the head of the family, though composed only of his wife, even if she is separated from him. Brown v. Brown, 68 Mo. 388. In Whitehead v. Tapp, 69 Mo. 415, it was decided that a man who has a wife is the head of a family, although his wife may

have deserted him. Matter of Shedd, 60 Hun, 367, 14 N. Y. Supp. 841, affirmed 133 N. Y. 601, 30 N. E. 1147, is a case where Shedd and his wife had been separated ten years, he had not supported her for eight years, their daughter lived with the mother, and the father paid for her clothes. Held, that Shedd died leaving a family. See, also, same matter, 11 N. Y. Supp. 788.

While the income of said trust estate is directed to be paid to William D. Oberndorf, it is, nevertheless, to be used for the *benefit of himself and family.* The plaintiff (wife) is William D. Oberndorf's only "family," and as such is entitled to share in the said income and maintain an action to establish her interest to a portion of the income. Woodruff v. Woodruff, 54 App. Div. 414, 66 N. Y. Supp. 936; Haynes v. Sherman, 117 N. Y. 433, 22 N. E. 938; First Nat. Bank v. Miller, 24 App. Div. 551, 49 N. Y. Supp. 981; Smith v. Bowen, 35 N. Y. 83; Loring v. Loring, 100 Mass. 340; Bradlee v. Andrews, 137 Mass. 50–55; Bates v. Dewson, 128 Mass. 334; Allen v. Farmers' Loan & Trust Co., 18 App. Div. 27, 45 N. Y. Supp. 398. The annual income derived from the trust estate for the benefit of the testator's son and his family appears to be about $2,300. When the husband and wife were living together, their household expenses amounted to between $40 and $50 per week. No provision of any kind or in any amount has been made by the husband for the wife. No provision is made in the will as to the proportion which the family (wife) shall take. Under the circumstances a sum limited to the necessities of the wife's reasonable support in a manner fitting her station in life should be fixed. The annual sum of $1,000 in quarterly payments is adequate for her maintenance.

Taking the whole will, and reading that with the codicil, the intention of the testator is clear and certain that he had the plaintiff in mind when he used the term "family." The determination of the court is made without resort to extrinsic evidence for the purpose of finding the intention of the testator. The evidence taken herein provisionally bearing upon the question of the intent of the testator in making the will and codicil is disregarded and stricken out.

Judgment for plaintiff.