OBERNDORF v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

WILLS (§ 684*)—CONSTRUCTION—TRUSTS—RIGHTS OF TRUSTEES.

    Testator devised the residue of his estate to a trustee to pay out one-half of the net income to testator's son for life "for the benefit of himself and family," and on the death of the son such part of the income to be paid to the son's issue until they arrived at the age of 40, when they should receive their shares of the principal; that, if the son died without issue, the income was to go to testator's grandchildren, nephews, and nieces. By a codicil, he provided that in case of the death of his son without issue, but leaving a widow, the widow should receive for life all the income previously paid to the son, but should there be children the executors to apply one half of the income to their support and the other half to the support and maintenance of the widow. The son had no children, and his wife left him after testator's death. *Held*, that the trustees were vested with no discretionary power, and during the son's life they had no right to withhold any part of his share of the income and pay the same to the wife.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

Appeal from Special Term, New York County.

Action by Minnie O. Oberndorf against the Farmers' Loan & Trust Company and others, impleaded with William D. Oberndorf. Judgment for plaintiff (71 Misc. Rep. 64, 129 N. Y. Supp. 814), and defendant Oberndorf appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Gustavus A. Rogers (Willis Bruce Dowd, on the brief), for appellant. I. N. Jacobson, for respondent.

DOWLING, J. Minnie O. Oberndorf, the plaintiff, married William D. Oberndorf, the defendant, on October 3, 1893. Some two

years thereafter the latter's father, Julius Oberndorf, made his will, whereby, among other things, he disposed of his residuary estate by giving, devising, and bequeathing the same to his executors and trustees in trust for certain uses and purposes, whereof so much as is material to the present appeal is to be found in paragraph 5, subdivision F, as follows:

"I authorize and direct my said executors and trustees to pay out of the trust funds an equal one-half part of the net income of my said residuary estate to my son, William D. Oberndorf, during the period of his natural life, for the benefit of himself and family and that the said one-half part of the income of my said residuary estate be paid to him in equal quarter-yearly installments on the first day ·of January, April, July and October."

Upon the death of his son, the income was to be paid to his issue until they reached the age of 40, when they were to receive their shares of the principal. Should his son die without issue, the income was to go to testator's grandchildren, nephews, and nieces. He made a codicil to his will September 26, 1896, in the course of which he provided for a contingency which had not been guarded against in the will, viz., the death of his son without issue, but leaving a widow. He therefore directed, in such event, that, if no issue survived the son, the widow should receive for life all the income before referred to; but, should there be children, the executors were to apply one-half the income to their support, maintenance, and education, and the other one-half to the support and maintenance of the widow. Julius Oberndorf died October 21, 1896. In September, 1907, according to the allegations of her complaint, plaintiff left the home of her husband for good cause. Thereafter an agreement of separation was made, by which she received $1,000 per year for life from her husband, and he authorized the executors and trustees of his father's estate to pay her that sum out of his income. Since November, 1900, however, this authorization has been revoked and no payments have since been made thereunder. There is no issue of the marriage.

Plaintiff now brings this action for the construction of the will of Julius Oberndorf, deceased, and for an adjudication that the trustees thereof are trustees for her benefit as well as that of her husband, that the income be apportioned, and that she be paid the sum of $1,-000 annually in quarterly installments. For this relief she has had judgment, the court having found as conclusions of law that Julius Oberndorf intended by his will that the one-half of the income left under the provision quoted should be devoted to the benefit of plaintiff as well as that of her husband; that she is the only family of her husband; that she is entitled to have provision for support and maintenance from her husband; that the manner and style of living of husband and wife while they lived together justified an allowance of $1,000 annually to her; that the trustees under the will are trustees for her; and that she is entitled to receive that amount out of the income.

The objection to this determination is that this is not an action brought for a separation. It is not founded upon the separation agreement. That was expressly stated at the close of the case, and the agreement is not in evidence. There is no proof that the husband aban-

doned his wife, nor has she shown that her leaving his home was justified. There is no proof of the husband's means, nor of what resources the wife has, nor that she is without property and unable to support herself. It is not even shown that the husband has failed to support her. Plaintiff's contention rests solely on the terms of the will, and by it she claims a trust has been created for her benefit, enforceable against the trustees of the estate and her husband. This view can find no support in the provisions of the will. The appellant now concedes, what was disputed in the trial court, that the wife is to be regarded as a member of the husband's family for the purposes of this will. But granting that, all that was expressed by testator was his wish that the son, when he received his income, should use it for the benefit of his family as well as his own. This was no more than the duty he owed them, in any event. The trustees under the will were vested with no discretionary powers; they were not directed to apply the income in any way, nor to supervise its distribution; they were ordered to pay the entire share of the income over to the son, and their powers and duties ended there. The wife was not named as a beneficiary, except in the event of her husband's death, when the trustees were instructed specifically what to do in the contingencies that might then arise. The cases cited by respondent are those wherein the trustees had duties to perform in respect to the fund and were charged with the responsibility of seeing that it was applied to certain designated purposes. That is not this case. Here the only direction to the trustees is to pay to the son. Nor is there any method by which it may be determined that the testator meant that any specified part of the income should go to his daughter-in-law. Whatever rights plaintiff may have to support from her husband must be determined in an appropriate action for separation, when the requisite facts to justify an allowance of alimony can be established.

Under the will of Julius Oberndorf she took nothing directly, the trustees were to set apart no sum for her support, and she is without recourse against the estate. We are not now concerned with the question of what her husband's duties towards her may be, whether under the will or apart from it.

The judgment appealed from must therefore be reversed, with costs, and judgment directed in favor of the defendants dismissing the complaint herein, with costs. All concur.