## OBERNDORF v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Special Term, New York County. February 4, 1913.)

WILLS (§ 741*)—GIFT FOR BENEFIT OF LEGATEE'S FAMILY—RIGHTS OF WIFE.

Where a testator bequeathed one-half of the income of his residuary estate to his son, for the benefit of himself and his family, the son's wife could not sue to impress a lien thereon in her favor, but must resort to a matrimonial action to enforce her right to support.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1896–1899; Dec. Dig. § 741.*]

Action by Minnie G. Oberndorf against the Farmers' Loan & Trust Company and others. On motion to dismiss complaint. Motion granted.

See, also, 148 App. Div. 227, 132 N. Y. Supp. 1004.

May & Jacobson, of New York City, for plaintiff.

Geller, Rolston & Horan, of New York City, for defendant Farmers' Loan & Trust Co.

Willis Bruce Dowd, of New York City, for defendant William D. Oberndorf.

NEWBURGER, J. Plaintiff and Willam D. Oberndorf were married on October 3, 1893. They separated in 1907. On October 21, 1896, Julius Oberndorf, the father of William D., died, leaving a will and codicil in which he provided that one-half of the income of the residuary estate should be paid to William D., for the benefit of himself and family. William D. and the plaintiff entered into an agreement on December 31, 1907, with one Bigger, as trustee, to live apart, and empowering the trustees under the will of the father to pay to Bigger for the benefit of the plaintiff the sum of $1,000 per year. Subsequently the Farmers' Loan & Trust Company was substituted as trustee under the will. The Trust Company refused to recognize the assignment of income, whereupon William D. Oberndorf executed a power of attorney to the plaintiff and Bigger, authorizing them to demand and receive from the estate $1,000 per year. The payments were made until November, 1909, when William D. Oberndorf revoked the power of attorney, and no payments have since been made.

The plaintiff brought an action to construe the will of Julius Oberndorf, claiming that the provision for William D. Oberndorf and family included herself as the wife of said William D. The trial justice found for the plaintiff, but the Appellate Division reversed the judgment. See 148 App. Div. 227, at page 229, 132 N. Y. Supp. 1004, at page 1006. From a reading of the opinion it is clear that whatever right the wife has to support from her husband must be determined in a matrimonial action. This action, however, is brought to impress a lien in favor of plaintiff upon the income of the trust fund directed to be paid to William D., and the Appellate Division said:

"The trustees under the will were vested with no discretionary powers. They were not directed to apply the income in any way, nor to supervise its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

distribution. They were ordered to pay the entire share of the income over to the son, and their powers and duties ended there. The wife was not named as a beneficiary, except in the event of her husband's death, when the trustees were instructed specifically what to do in the contingencies that might then arise. The cases cited by respondent are those wherein the trustees had duties to perform in respect to the fund and were charged with the responsibility of seeing that it was applied to certain designated purposes. That is not this case. Here the only direction to the trustees is to pay to the son. Nor is there any method by which it may be determined that the testator meant that any specified part of the income should go to his daughter-in-law. Whatever rights plaintiff may have to support from her husband must be determined in an appropriate action for separation, when the requisite facts to justify an allowance of alimony can be established. Under the will of Julius Oberndorf she took nothing directly. The trustees were to set apart no sum for her support, and she is without recourse against the estate. We are not now concerned with the question of what her husband's duties towards her may be, whether under the will or apart from it."

The motion to dismiss the complaint must be granted. Findings passed upon.