Louis M. Whelan, Plaintiff, *v.* Edith H. Connolly et al.,
Defendants.

Supreme Court, Equity Term, Onondaga County, July 19, 1948.

*Melvin & Melvin* for plaintiff.

*Harold L. Strauss* for Edith H. Connolly, defendant.

Searl, J. The issues were submitted on stipulated facts, and stipulations as to testimony to be given by witnesses, if called. It is urged that no reported case can be found dealing with the question here to be decided.

The pertinent facts so far as the issues here involved are: Anna D. Whelan on the 23rd day of June, 1921, executed her will. She died February 7, 1923, and shortly thereafter the will was admitted to probate. The eighth clause provides: " Eighth: I give, devise and bequeath to the executor and trustee of this my Last Will and Testament, in trust, all the rest, residue and remainder of my property, both real and per-

sonal and wheresoever situate and direct that said executor and trustee shall turn over to my son, Louis Martin Whelan, during his lifetime the use, rents, income and profits of said property from the time of my death until his death, and in addition to said use, rents, income and profits, so much of the principal or corpus of said property as my executor and trustee shall deem necessary and expedient for the support, maintenance and welfare of my said son and his family.''

Defendant First Trust & Deposit Company, trustee named in the will, has not appeared nor answered.

Plaintiff and the individual defendant herein, married at Syracuse, New York, January 2, 1918. They have one child, a daughter, born March 20, 1920, now twenty-eight years of age.

In the latter part of 1922, after the will of the mother was drawn, but before her death, plaintiff and his wife, Edith Hoeffer Whelan, separated.

Upon an agreed state of facts presented to an Equity Trial Term of this court in May, 1932, in an action entitled Edith Hoeffer Whelan v. Louis M. Whelan and First Trust & Deposit Company, a Justice of this court made findings and rendered judgment to effect that the husband and wife aforesaid, then living apart but not divorced, were both *cestuis que trustent* under the will and equally entitled to share in the accumulated and future income of the trust fund. Findings and decree were duly entered June 10, 1932.

Thereafter, in 1933, the wife, Edith Hoeffer, obtained a divorce from Louis M. Whelan in the courts of Nevada, and in April, 1934, she married one Paul Connolly, to whom she is still married and with whom she now resides. The plaintiff has also since remarried.

Shortly before the commencement of the present action, plaintiff brought on a motion at Special Term to amend the decree of 1932. The justice hearing the motion denied the application, but indicated he was not passing upon the right of this plaintiff to bring a plenary suit in equity, citing *Herpe* v. *Herpe* (225 N. Y. 323).

Plaintiff herein urges that defendant Edith Hoeffer Connolly acquired no vested interest under the Anna D. Whelan will, that the adjudication of 1932, was based on the premise that Edith Hoeffer was the wife of plaintiff, that she is no longer his wife, and that it would be inequitable to permit her now to participate in the income from the fund.

Defendant argues that as Mrs. Connolly was a member of a class described as '' a family '' on the date of the death of

Anna D. Whelan, Mrs. Connolly, the then Mrs. Hoeffer, acquired a vested right to share in the income from the trust. Defendant further urges that the order and judgment of 1932 are *res judicata;* also that plaintiff is guilty of laches.

Considering defendant's last argument first, that of laches, we find defendant has been receiving one half the income on the trust fund since she divorced plaintiff and remarried in 1934. Neither her position nor defenses have been changed by plaintiff's inertia.

The expression " family " undoubtedly refers to a class at the time the former judgment was rendered, as urged by defendant. (*Matter of Keegan,* 37 N. Y. S. 2d 368; *Matter of White,* 213 App. Div. 82; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127.) However, how does this aid defendant Connolly? If the wife destroyed the family relationship, if she ceased to continue to be the wife of Louis E. Whelan, she would lose the right to participate even in any portion of the corpus, to the same extent as though she were dead. Upon remarriage, a wife's right to further support from her former husband ceases.

Defendant cites *Oberndorf* v. *Farmers' Loan & Trust Co.* (71 Misc. 64, revd. 148 App. Div. 227) wherein the complaint was dismissed. The Court of Appeals reversed the Appellate Division as to the dismissal of the complaint (208 N. Y. 367). There the will of Julius Oberndorf provided: " I authorize and direct my said executors and trustees to pay out of the trust fund an equal one-half part of the net income of my said residuary estate to my son, William D. Oberndorf, during the period of his natural life, for the benefit of himself and his family ". (P. 370.) The will was drawn prior to the separation of the son and his wife. In holding that the wife, though separated, constituted the son's family, the court remarked: " nor has the marriage been dissolved."

Then the Appellate Division (First Department) unanimously reversed the trial court, holding that the trustees under the will were vested with no discretionary powers, that they were ordered to pay the entire share of the income over to the son, that whatever rights the wife might have for support should be determined in an appropriate action for separation, " when the requisite facts to justify an allowance of alimony can be established", and, as stated above, dismissed the complaint.

The Court of Appeals modified the judgment of the Appellate Division insofar as it directed a new trial instead of dismissing the complaint, holding that the trial court had jurisdiction to direct the appropriation, in part, of the income to plaintiff's

benefit, upon proof that the husband had refused to contribute to the wife's support. In the opinion the court injected the following statement: " the marriage * * * continuing in full force and effect."

This expression verbatim distinguishes the instant case.

The defense of *res judicata* cannot apply here. The status of Mrs. Connolly is no longer that of the wife of Louis M. Whelan. She has, by her own act, severed the ties of matrimony. She has no claim of support on the son of Anna D. Whelan. She can only look to Dr. Paul Connolly, her present husband, for such support.

Mr. Justice TAYLOR in *Fox* v. *Employers' Liability Assurance Corp.* (239 App. Div. 671 [4th Dept.]) quotes the rule expressed in Freeman on Judgments (5th ed., Vol. 2, § 687) when the defense of *res judicata* is raised: " The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and former action."

Applying this test in the instant action, this court can only conclude that the learned court in deciding the issue in 1932, would, with the facts as presently presented, have arrived at the same conclusion this court arrives at, namely, that Mrs. Connolly no longer is a *cestui que trust*.

Findings and judgment accordingly.