Crain *v.* Cavana.

————·•·————

CLARA M. CRAIN *vs.* CYNTHIA M. CAVANA and others.

The former court of chancery, in this State, had no jurisdiction to grant divorces, independent of the statutes on that subject.

And the provisions of the Revised Statutes relating to separation and limited divorces, do not authorize the court, by the decree in a suit for separation *a mensa et thoro,* to allow a gross sum to the wife for her support, and direct it to be paid by the husband in lieu of her dower and distributive share in his estate.

Such a provision in the decree being void, the wife's right of dower in her husband's estate after his death, is unaffected by it.

The statute does not, in terms, authorize the court to make any decree affecting the right of dower. The legislature contemplated a reconciliation of the parties as probable; hence the provision it authorizes to be made for the wife, is a temporary one.

APPEAL from a judgment entered upon the report of a referee.

Prior to 1843, Thomas Cavana, the father of the plaintiff, Clara M. Crain, and of the defendants John Cavana and Catharine A. Percival, intermarried with the defendant Cynthia Cavana.

The said Thomas Cavana was then seized in fee of the

land mentioned in the complaint, and so continued until his decease in 1859    The defendant Josiah N. Percival is the husband of Catharine A.

The defendant Cynthia Cavana brought an action in the court of chancery of this State, before the vice chancellor of the fifth judicial district, against the said Thomas Cavana, for separation, on the ground of cruel and inhuman treatment, and in that action, on the 24th of July, 1843, a decree of said court was made, decreeing such separation; giving the said Cynthia the custody of the plaintiff Clara M. then an infant, and giving the said Cynthia $450 as alimony, which is therein decreed to be " in lieu and satisfaction of all alimony, dower, right of dower, and all other claims which she, the said complainant, may or can have to the property of the defendant;" and decreeing costs of the action to the said Cynthia, the decree being agreed to by the parties before being granted.   The said Thomas Cavana, deceased, paid the $450 to his said wife, Cynthia, and also paid the costs of said action, under and pursuant to the said decree.   From and after the commencement of that action the said Cynthia and Thomas, deceased, did not cohabit or reside together.   In 1860, the plaintiff, Clara M., brought this action for a partition or sale of the land, alleging that the defendant Cynthia was entitled to dower therein.   No answer was served by or for the defendant Cynthia.   The appellants herein, by their answer, controverted the claim of dower, setting up the said decree, in defense thereto.   All of the parties are of the age of 21 years and upwards.   On a reference, the referee held that the said Cynthia was entitled to dower in the land.   To this the appellants excepted.   A decree was taken for a sale, it being conceded that a partition would be prejudicial to the owners, and awarding dower to the said Cynthia out of the proceeds, she consenting to take money instead of land.

Crain *v.* Cavana.

The defendants excepted to the decree, and appealed therefrom.

*F. Kernan,* for the appellants.

I. During the husband's life, the wife has no estate in the lands of which he is seised, but simply a right (inchoate) to a claim for dower, contingent upon her surviving him. (2 *Comst.* 245, 254. 1 *Seld.* 394–400. 4 *id.* 100.) 1. After the husband's death, and until assigned or recovered, it continues a mere claim, and not an estate in the land. 2. Until assigned it cannot be sold on execution, and is not the subject of sale except to the owner of the fee, and then it is in legal effect a release and not a sale. 3. It may be released by the wife during coverture.

II. Compensation for it from the husband or any other party interested in the estate, paid or secured to the wife during coverture, constitutes an equitable bar to the claim. 1. It would be the duty of the court to see that the wife had been fairly dealt by, and that it was not done under the influence or coercion of the husband. 2. In the action for separation, the presumption is that the court performed that duty.

III. If a pecuniary provision is made for the wife, in lieu of dower, she must elect between the provision and the right of dower, and shall not be entitled to both. (1 *R. S.* 741, § 12.) 1. The provision referred to in this section is not that by will, nor that in contemplation of marriage, nor that called a jointure, referred to in sections 9, 10, 11 and 13, of that statute. 2. When the provision (as in this case) has been received by the wife, she must refund before she avails herself of the right to elect under section 14 of that statute. 3. Should an election be allowed, after the wife so long residing, under the decree, separate from her husband? 4. We have no data by which to determine in this action the adequacy of the $450 as a compensation for the dower, &c., no proof of the then value

of the estate, the incumbrances upon it, or of the pecuniary condition of the husband or of the wife. It being the duty of the court to protect the rights of the wife, she being also under the advice and protection of counsel, and separated from her husband and able to protect herself, the presumption is it was an adequate sum.

IV. The court is presumed to have acquired, and to have, jurisdiction of the parties. The facts adjudged gave it jurisdiction to grant the decree of separation. (2 *R. S.* 146, §§ 60, 61.)

V. Having such jurisdiction, and decreeing separation, the court had jurisdiction in that action to "make such further decree as the nature and circumstances of the case may (might) require." (2 *R. S.* 147, § 67.) The power to make such further decree is not limited to provision for the wife and children, or to that for the custody of the children. (*See latter portion of* § 67.)

VI. The question is not whether the court could arbitrarily, and against the wish of the wife, have imposed the terms of the decree as to dower, &c. When (as in this case) the wife has separated from the husband, is in that court, attended by counsel, asks for and obtains the decree in the suit for separation, is she bound by the decree? 1. Separated from her husband, released from his control and influence, the wife has the same capacity to contract as a *feme sole*. None of the reasons on which assumed incapacity of married women is based, exist. 2. By the decree she is legally separated, and after that, and while so separated, in fact and in law, the wife receives all the benefits of the decree in her favor. Is she at liberty to repudiate it as against the husband, his grantee, or heirs? 3. The heirs acquired by inheritance all the rights of the father under the decree, and can interpose it in bar of the claim of dower, with the same effect as the husband could if living, as a defense to any further claim for the wife's support, &c.

Crain *v.* Cavana.

*G. H. Lynch,* for the respondent.

I. The court of chancery had no power to cut off the right of dower; and, in so far as the decree attempted to do this, the court exceeded its jurisdiction. 1. The statute giving dower is imperative. Its language is: "A widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of an inheritance, at any time during the marriage." (3 *R. S. p.* 31, § 1, *5th ed.*) A statutory right being thus established, we must look to the statute for any exceptions to it. There would seem to be none there specified, which can possibly bear upon this case, unless it be claimed that the general words "a pecuniary provision," as used in section 12, are broad enough to cover it. But, when considered in connection with the context, there can be no difficulty in seeing the true meaning of this expression. The legislature had in contemplation the acts of the parties, and not of the court. This must necessarily have been so, when they used the word "jointure." It is equally so in the words which immediately follow in the same sentence. The obvious purpose of the legislature was to provide for the case of property of any kind which might take the place of dower. The term "jointure" would not alone do this, for a jointure is an estate in lands. The expression "pecuniary provision" is therefore added, to cover the case of property other than an estate in lands; and not for the purpose of indicating any new or different source from which the provision was to come. To hold that the words "pecuniary provision," as used in section 11, were intended to embrace the case of alimony granted by a court, would be an obvious absurdity; for that section has reference to an intended wife only. And yet we find the same words in section 12, used in apparently the same sense, and with nothing to indicate that they have any new or different meaning from that which has just been expressed by them in section 11. Again, it will be seen that sections 12, 13 and 14, provide

for an election by the widow.   This would be, in any case, inapplicable to a decree of court, and especially is it so, in a case like this, where a gross sum was paid to the widow, and expended by her for her support.   It is clear that the term " election" must be deemed to have been used by the legislature in its established sense, and as applicable to a devise, legacy, or grant, to a widow, in lieu of her dower, and to take effect at the death of the husband.   (*See Will. Eq. Jur.* 546.)   The very definition of the term " election" shows how inapplicable it is to this case.   "Election imports the gift of one thing, to be in lieu or extinguishment of the other." (2 *Story's Eq. Jur.* § 1096.)   There is always a gratuity, or bounty, to be surrendered ; never a right.   In all the decided cases this is so.   And it is for precisely this reason that the doctrine of election does not apply to creditors.   (2 *Story's Eq. Jur.* § 1092.)   But here the wife is called upon to surrender one right, in consideration of having another right (*see* 6 *Duer, p.* 153,) conceded to her.

II. But, even assuming that the expression "pecuniary provision," as used in section 12, could in any case apply to a provision made by a decree of court, it must at least be such a provision as could be lawfully made " in lieu of dower."   We are thus brought back to the question, had the court the power to decree that this provision should be in lieu of dower ?   Referring again to the statute, then, to ascertain what powers are affirmatively given to the court, in cases of divorce from bed and board, we find no such power as that claimed here.   The fourth article of chapter 8, (3 *R. S.* 237, *5th ed.*,) entitled " Of Separations or Limited Divorces," gives to the court whatever power it has, in such cases.   (*See* 7 *Hill,* 225.)   The first clause of section 67 provides, in general terms, that the court, on decreeing a separation from bed and board, may make such further decree as the nature and circumstances of the case may require.   The care and custody of the children—

the right to visit them—and many other points, without providing for which a decree of separation would be imperfect and unjust—are doubtless intended to be embraced in this general expression. ‑ (*See Burr* v. *Burr, in the Court of Errors,* 7 *Hill,* 226.) The section then goes on to provide for the granting of alimony. It says: "And may make such order and decree for the suitable support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as may appear just and proper." It will be noticed that the provision for the granting of alimony is in no way dependent on, or embraced in, the general expression used in the first part of the section. But, even if it were otherwise, it could not be seriously contended that the words "such further decree as the nature and circumstances of the case may require," are to be so far wrested from the context, and perverted from the real object in view, as to be made to embrace the power to cut off the wife's right of dower, as a condition of her accepting that support and maintenance out of her husband's estate, which it is her unquestionable right to have, without any such condition. (6 *Duer,* 153.) It is clear, then, that whether we look at the statute which gives the widow her right, or at that which gives the court its power, we are equally at a loss to find any authority for that part of this decree which professes to cut off the right of dower.

III. That the court had not this power, is also fully shown by the decided cases. In *Wait* v. *Wait,* (4 *Comst.* 100, *et seq.,*) the Court of Appeals say : " Until our statute there was no such thing as a divorce which recognized and admitted the validity of the marriage, and avoided it for causes happening afterwards. Such a divorce is alone the creature of the statute. The effect of such a divorce must be determined by the provisions of the law under whose authority it is granted. The statutory divorce is limited in its operation, and only affects the rights and obligations

Crain *v.* Cavana.

of the parties, to the extent declared by statute. It is said that the legislature have provided for making compensation to the wife for her loss of dowry, when she is an innocent party, by authorizing the court to decree an allowance for her support. But if this provision had been intended as a substitute for the right of dower, I think it would have been so declared, as indeed it has been in some other States. The legislature seem not to have intended to leave anything to implication. It has distinctly declared what shall and what shall not be the effect of the dissolution of the marriage. When the wife is herself the guilty party, the law declares that her conviction shall involve a forfeiture of dower. But it has nowhere said that where the husband is the offender, she shall forfeit her dower as a condition of her divorce." In *Forrest* v. *Forrest,* the court below had granted alimony to the wife, but had attached, (as in this case,) a condition that it be in lieu of dower. On appeal to the general term, (6 *Duer,* 151, *et seq.,*) the court say: " We cannot resist the conviction that the court erred in forcing upon the plaintiff this condition. We apprehend that it is now well settled that the right of a wife to dower in her husband's real estate cannot be prejudiced by any act of his. In *Wait* v. *Wait,* (4 *Comst.* 95,) after a full discussion of the subject, it is definitely settled by the court of last resort, that a divorce dissolving the marriage contract on the ground of the adultery of the husband, does not deprive the wife of her right of dower in his real estate. We cannot discover, then, upon what ground the decree compelling her to relinquish a right, secured to her by statute, can be sustained. The court arbitrarily requires the plaintiff to relinquish all claim to dower. And to this the court left her no alternative, unless it be to refuse to take the divorce itself. The opinion of the Court of Appeals in the case last cited, shows that the alimony contemplated by the statute is not to be taken in lieu of dower. We apprehend that the right of the

Crain *v.* Cavana.

plaintiff to dower, in the event she shall survive the defendant, is given by statute; that her right to an allowance, under the circumstances of this case, (having established her title to a divorce,) is clear; and that the court cannot make the release of her right of dower a condition of granting the divorce." (*See Burr* v. *Burr,* 7 *Hill,* 227.)

IV. The court not having jurisdiction, by statute, to thus take away the wife's right of dower, such jurisdiction could not be conferred by any act or consent of the parties. (*Germond* v. *People,* 1 *Hill,* 343.   *Garcie* v. *Sheldon,* 3 *Barb.* 232.   3 *Caines,* 129.   14 *John.* 432.   6 *Wend.* 465.   17 *John.* 471.)   And this is so, even though the party stipulated not to raise the objection. ,(*Dudley* v. *Mayhew,* 3 *Comst.* 9.)

V. This want of jurisdiction can be shown, at any time, though the decree stand unreversed. (6 *Barb.* 613. 15 *John.* 140.   4 *Cowen,* 292.   5 *Wend.* 148.   6 *id.* 447. 14 *John.* 432.)   And such part of the decree as is beyond the jurisdiction of the court will be disregarded, and the rest deemed valid. (*Bates* v. *Delavan,* 5 *Paige,* 299, 304.)

VI. The fact that the wife accepted the sum granted her by the court, does not prejudice her right to dower. 1. Such acceptance could only have that effect, in cases where the doctrine of election applies. But, as has been already said, that doctrine has no application to the case of a decree of court. 2. Even in cases where the doctrine of election is properly applicable, before any presumption of election can arise, it must be shown affirmatively that the wife was fully cognizant of her rights, and knew the true value of her dower. (2 *Story's Eq. Jur.* §§ 1097, 1098.) There is no such proof here. There is no evidence, and in fact no probability, that the wife knew that any such condition had been attached to her acceptance of the alimony. 3. The acceptance of the money in this case was unavoidable, unless the wife should wholly surrender her right to the separation. The money was necessary for her support, and she had no choice but to accept

such sum as the court saw fit to allow her. 4. The sum allowed, though proper enough as alimony, was wholly inadequate to take the place of dower. Nor is the payment of a gross sum such a "pecuniary provision" as is contemplated by the law. It should at least be such a provision as would endure for the life of the widow. (*Ellicott* v. *Mosier*, 11 *Barb.* 575.) In the same case, in the Court of Appeals, (3 *Seld.* 201,) the head note says, "The receipt by her (the widow) for several years after the death of her husband, in lieu of dower, of one-third of the rent of lands leased by him, will not bar her action for dower."

VII. The fact that the counsel for the wife consented to the entry of this decree, will not bar her claim for dower. The wife was incapable of barring her own claim, even by a formal release to her husband. (*Carson* v. *Murray*, 3 *Paige*, 483. *Dominick* v. *Michael*, 4 *Sandf.* 374.) Much less had her counsel any such power. The stipulation which was entered into by counsel, is therefore no sufficient bar, for two reasons: 1st. Because no stipulation can affect the party's right to object to the want of jurisdiction. (*Dudley* v. *Mayhew*, 3 *Comst.* 9.) 2d. Because an act which would not bind the principal, if done by herself, cannot bind her when done by a mere agent.

VIII. The doctrine of estoppel has no application to this case. (*Comyn's Dig.*, *Estoppel* [*C.*] *Dominick* v. *Michael*, 4 *Sandf.* 374. 2 *Phil. Ev. p.* 11, *Edw. Ed.*)

For the reasons above stated, the decisions of the referee, and at special term, were right, and should be affirmed. And the widow, having been obliged to employ counsel to defend her rights, should be allowed costs, both before the referee, and at general term.

*By the Court,* MULLIN, J. The only question presented by this appeal is whether the decree of separation between the defendant, Cynthia, and her husband, *a mensa et thoro,*

Crain *v.* Cavana.

made by the vice chancellor of the fifth circuit, is a bar to the claim of the said Cynthia, now a widow, to dower in the lands of her husband, who has died since the entry of said decree.

The decree expressly declares that the sum of $450 shall be "*in lieu and satisfaction of all alimony, dower, right of dower, and all other claims which she, the complainant, may or can have, to the property of the defendant.*"

If the court of chancery had power to make that part of the decree above quoted, the widow is unquestionably barred ; but if not, her right to dower is unaffected by it.

It is undoubtedly true that the court of chancery had no jurisdiction to grant divorces, independent of the statutes on that subject. (*Burtis* v. *Burtis, Hopk. Ch. R.* 557.) Our court of chancery had the same general jurisdiction as had the English chancery. In England, the ecclesiastical courts had exclusive jurisdiction to grant divorces *a mensa et thoro.* Parliament alone having the power to dissolve the marriage contract absolutely. (*Bishop on Mar. and Div.,* §§ 768 *to* 770.)

We must have recourse to the statute, then, for the power exercised in this case, if it exists. The provisions relating to separation and limited divorces are found in 3 *R. S.* 237, §§ 63 *to* 70, *5th ed.,* both inclusive. After specifying who may apply, and the cases in which application may be made, and declaring what the bill shall contain, and the defenses which may be interposed, the statute proceeds as follows :

" § 67. Upon decreeing a separation, in any such suit, the court may make such further decree as the nature and circumstances of the case may require, and may make such order and decree for the suitable support and maintenance of the wife and her children, or any of them, by the husband, or out of his property, as may appear just and proper.

§ 69. When a decree for a separation forever, or for a

limited period, shall have been pronounced, it may be revoked at any time thereafter, by the same court by which it was pronounced, under such regulations and restrictions as the court may impose, upon the joint application of the parties, and upon their producing satisfactory evidence of their reconciliation."

These provisions were in force when the decree under consideration was granted. It will be seen, from these sections, 1st. That a separation is not necessarily a complete and final separation of the parties; that a reconciliation is contemplated, and power given to the court to give it effect. And, 2d. That the alimony directed to be paid is not a final distribution of the property of the husband between him and his wife, but is, on the contrary, a temporary provision for her support elsewhere than in her husband's house, until they are reconciled.

In carrying out this construction of the statute, the vice chancellor (Willard) held, in *Burr* v. *Burr*, (*see his opinion,* 10 *Paige,* 22, 25,) that a gross sum for alimony, in this class of cases, cannot be allowed. And while the chancellor does not, on the appeal from the decree of the vice chancellor, expressly assent to it, yet he does not dissent from it. Indeed the vice chancellor fortified his position with cases which it is difficult to escape. If a gross sum cannot be allowed, but only a yearly allowance for support, it is impossible to say that an allowance for such a purpose can be in lieu of dower, which is one-third part of the lands of which the husband was seized at the time of his death, or during the coverture.

Again; the occasion of the allowance is, the impossibility of the wife's living with the husband, by reason of his improper treatment of her. His misconduct cannot relieve him from his duty to support her; and the court merely compels him to give her that support abroad which he will not give her in his own house. The object of the

Crain *v.* Cavana.

allowance is support, merely—having no reference whatever to a distribution of the property of the husband.

Vice Chancellor Willard, in the case of *Burr* v. *Burr*, cited *supra*, says a decree for a separation or limited divorce does not *per se* affect the question of property between the parties. The wife is still entitled to dower in the real estate of which her husband is or shall be thereafter seised; and she can also claim her distributive share of his personal estate, in case he dies intestate, in the same manner as if no such decree had been pronounced. The statute has made a difference, in this respect, between a limited divorce *a mensa et thoro* and a divorce *a vinculo matrimonii*, (*Wait* v. *Wait*, 4 *N. Y.* 95,) where the adultery of the wife is the basis of the decision.

In *Bishop* on *Marriage and Divorce*, (§ 680,) it is said: " This (limited) divorce does not, of its own force, at common law and without the aid of statutes, change the relation of the parties, as to property. Thus it neither takes away the right of the wife to dower, nor entitles her to recover it until after the death of her husband." The statute does not in terms authorize the court to make any decree affecting the right of dower. The legislature contemplated a reconciliation of the parties as probable; hence the provision made for the wife is a temporary one.

It would be wholly inconsistent with the provisions and policy of the statute to authorize a decree which should determine the rights of the wife in the estate of the husband, by giving a share of it in lieu of her dower and distributive share. I find no precedent or authority for any such decree.

For these reasons, I am in favor of affirming the judgment of the referee, with costs to the widow, out of the estate.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 1, 1862. *Morgan, Mullin* and *Bacon,* Justices.]