WILLIAM J. PELL and LEE NUTTING, Respondents, *v.* MARY ANN FOLGER and EMILY GRANT, Appellants, Impleaded with Others.

*Construction of a will — substantial interest in property thereunder — right of trustees to the possession of property.*

A bequest to the testator's wife, of all his property, "the income from it to be received and used for the benefit of herself and sister, Emily Grant, during the natural life of my wife," without any designation of what share of the income the sister was to receive, and followed by an apparent power of disposition given to the wife, *held*, not to give the sister any interest in the property which made her a necessary party to any agreement in respect to its disposition.

The parties interested in the testator's property (including the widow, but not her sister), after the death of the testator and before the probate of the will, executed an agreement purporting to convey the legal title to the property to trustees; after the probate of the will and the appointment of the widow as administra-

trix with the will annexed, the persons named as trustees in the agreement brought an action to compel the widow and sister to account for and surrender to them the possession of certain portions of the testator's personal property; the complaint in which action was demurred to.

*Held,* that the points urged by the defendants, that the plaintiffs had no standing to compel the sister to account, she having substantial rights under the will; that she was only accountable to the administratrix, and that the appointment of the plaintiffs as trustees, if it had any force, was superseded by the subsequent appointment of the administratrix, were untenable;

That the action being apparently brought to recover property in the possession of the widow and sister, and that being the cause of action declared upon, they were both necessary parties, and a demurrer on the ground of an improper joinder of causes of action against the widow, in which the sister had no interest, and *vice versa,* was not good.

APPEAL by the defendants, Mary Ann Folger and Emily Grant, from an interlocutory judgment of the Supreme Court, rendered at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 5th day of December, 1892, overruling the said defendants' demurrers to the complaint, with notice of an intention to bring up for review upon such appeal the decision and order and direction of the court upon which said interlocutory judgment was founded.

*Fisher & Voltz,* for the appellants.

*H. H. Man,* for the respondents.

VAN BRUNT, P. J.:

In the consideration of the demurrer interposed by the defendants, it is not necessary to determine whether the plaintiffs are entitled to the relief prayed for in their complaint or not. The question is whether the complaint sets forth any causes of action against the demurring defendants; and if so, whether such causes of action have been improperly united, and whether the plaintiffs have a right to enforce the same.

The complaint sets forth the death of William B. Folger, leaving a last will and testament; and alleges that the deceased left as his sole representatives, heirs at law and next of kin, his widow, Mary A. Folger, his daughter, Mary E. Pell, and his grandson, Lee F. Nutting, the son of a deceased daughter of said testator. Such last will and testament is as follows:

"Brooklyn, *May* 28*t*., 1882.

"In the Name of God, Amen: I, William B. Folger, of the City of Brooklyn, County of Kings, State of New York, con, sidering the uncertainty of life and being of sound mind and memory, do make and declare and publish this my last will and testament:

"*First.* First, paying all debts due by me at my demise.

"*Second.* To Greenwood Cemetery, or those in authority to receive it, for the care and preservation of my lot in said cemetery, the sum of five hundred dollars, the interest thereof to be devoted to the above purpose.

"*Third.* To my wife, Mary Ann Folger, I give and bequeath all my property, both real and personal, of every description that I may possess at the time of my death, houses, lands, mortgages, both real estate and chattel, furniture, pictures, books, jewelry of any and every kind or description at my death that I may possess, including lot in Greenwood Cemetery. Every and all of said property to be used and the income from it to be received and used for the benefit of herself and sister, Emily Grant, during the natural life of my wife.

"*Fourth.* At the death of my wife, the house and lot (if in her possession), 212 South Third Street, I give and bequeath to my grandson Lee F. Nutting (if living), if not living at the death of my wife, the above house and lot, 212 South Third street, to be disposed of as my wife in her judgment feels disposed for her own benefit.

"*Fifth.* To Mary E. Pell, daughter of my wife, I give in cash five hundred dollars ($500). Knowing my wife will dispose of the little I have to leave, when she has no further use for it, with justice and equity to her daughter and grandchildren, I make no further disposal, believing that they will each receive according to their merits.

"Signed *May* 28*th*, 1882.

"WILLIAM B. FOLGER."

The complaint further alleges: "That a contest having arisen over the probate of the will of the said testator, a compromise was duly entered into between the parties in interest, in pursuance of which compromise and the settlement of said controversy, there was executed in the city of New York, under seal, an instrument in the nature of a deed of trust, dated April 18, 1889 (a fearfully and won-

derfully-made instrument certainly), which was duly execu..ed by said Mary A. Folger, the widow, by the said Mary E. Pell, the daughter of the said testator, and was also executed by the said Lee Nutting and William J. Pell, the plaintiffs in this action."

It appears from this instrument (a copy of which is annexed to the complaint), after reciting the death of Folger, his leaving a last will and testament, the contest which had arisen as to its probate, and the agreement which had been made by which it was to be admitted to probate, that the said widow Folger and daughter Pell, granted, bargained and sold one undivided half of all the property and estate, real, personal and mixed, whatsoever and wheresoever situated, of which said William B. Folger died seized, subject, as thereinafter mentioned, to William J. Pell, Jr., Albert W. Pell and Arthur C. Pell, children of said Mary E. Pell, to have and to hold the same absolutely and forever, for their own proper use and benefit ; and the other undivided half thereof, subject also as thereinafter mentioned, to Lee F. Nutting, to be held by him for his own proper use and benefit, absolutely and forever. And by said instrument, the said Mary A. Folger and Mary E. Pell then sold, assigned and transferred to said Lee Nutting and William J. Pell, all the property and estate thereinbefore described, as trustees, to have and to hold the same, for and during the life of said widow Folger ; to take possession of, manage and control the same, and to pay and apply the net income arising therefrom, to the use of the said Mary A. Folger, for her life, and upon her death to divide among the parties entitled thereto under said instrument, the said personal property, if any, and any accrued income therefrom, etc., in the shares in which the principal of said personalty and said realty were to be divided, and to make partition and division of said realty among the persons then entitled thereto. From the trust therein created, there was excepted a certain house and lot which was thereby set off, apportioned and allotted to said Mary E. Pell, for her life, and at her death it was provided that the same should form a part of the property of said William B. Folger, by said instrument conveyed to the children of said Mary E. Pell.

This instrument being apparently executed on the 18th of April, 1889, on the 20th of May, 1889, the will of William B. Folger was admitted to probate.

The plaintiff then, after stating some legal conclusions as to the effect of the said will and trust deed, alleged the death of Lee F. Nutting, leaving as his heir at law and next of kin his father, the plaintiff, Lee Nutting, and that the defendant, Emily Grant, mentioned in the testator's will, claims an interest in the property left by said will adverse to the plaintiffs.

The complaint then alleges that the plaintiffs have taken possession of the real estate of the deceased, but that in respect to the personalty of the estate, although they have repeatedly demanded the same from said Mary Ann Folger, she declines and refuses to surrender the same; and that the defendant, Mary Ann Folger, and Emily Grant have possession and custody of a large amount of money and other personal property, part of the estate of said testator, of which they obtained custody by virtue of the powers of said Mary A. Folger, as administratrix of said will, and which she and said Emily Grant conceal and retain from the plaintiffs, who are entitled to the custody thereof. And judgment is prayed that the defendants Folger and Grant be decreed to account to the plaintiffs for the personal property received by them, or in their control, that was of said William B. Folger, and to deliver and pay over the same to the plaintiffs, and for such other relief as might be just.

Separate demurrers were interposed upon the part of the defendants, Emily Grant and Mary A. Folger, both demurring upon the grounds that no cause of action was stated; that causes of action had been improperly united, and that the plaintiffs had not legal capacity to sue; and the defendant Folger stating the additional grounds that no cause of action was stated for an accounting, and that no cause of action was stated to recover property which she had received as administratrix.

The points urged upon the part of the appellants are, that the plaintiffs have no standing whatever to compel the defendant Emily Grant to account to them, she having substantial rights under the will; that the estate was given to Mrs. Folger for life, for the use and benefit of herself and her sister, Miss Grant; that she is only accountable to the administratrix for any money or property that may have come into her hands, and that the appointment of the plaintiffs as trustees, if it had any force, was superseded by the subsequent appointment of the administratrix.

In reference to the point that Miss Grant has any legal claim under the will of William B. Folger, deceased, it seems to be only necessary to say that no such intention is expressed in the will. Whatever claim Mrs. Folger has upon the property left by her husband, by reason of the devise to her, the extent of which it is not necessary now to determine, there is no gift whatever of any portion of that property or of the income thereof to the defendant Grant.

And that there was no intention upon the part of the testator to make any such gift is evident from the last clause of the will in which he apparently gives his wife a power of disposition, by inference, if not by direct language. What portion of the income was Emily Grant to receive? What portion did the testator intend she should receive? Was she to share equally with her sister? Clearly such is not the intention of the testator, because, as already observed in the latter part of the will, he gives the wife an implied power of disposition, no mention being made of Emily Grant in connection therewith. If she was not to share equally with the widow in this income, what share was she to receive? Emily Grant was to receive only that which the widow should choose to give; because it is plain that Mrs. Folger was to receive the income and to use the income. For the benefit of herself and her sister, it is true; but it is equally evident that it was optional with her what amount should be used for the benefit of her sister, and no legal obligation which could be enforced rested upon her in that regard. It is manifestly so indefinite and so vague that Emily Grant never acquired any interest in this estate which she could enforce.

In the case of *Hawley* v. *James* (5 Paige, 318–324, 457) it was held that where a testator gave an annuity of $3,000 to his wife for her own support and for the education of her children, such bequest being in lieu of dower, and the widow having elected to take dower, no trust was created in favor of the children. And in the case of *Clarke* v. *Leupp* (88 N. Y. 228) it was held that a bequest to the wife of all the property of the testator, to take charge of his property after his death and to dispose of the same for the benefit of herself and children, gave no interest whatever in the property to the children, but the widow took an absolute title. The same principle is illustrated in the case of *Foose* v. *Whitmore* (82 N. Y. 405).

And other cases might be cited to the same effect. Therefore, the claim that Emily Grant has any interest in this property which made her a necessary party to any agreement in respect to its disposition is entirely unfounded ; and if the parties in question chose to confer upon these trustees the legal title to this property, Emily Grant cannot be heard to say that she will not deliver property in her possession to anybody but the administratrix.

It is further claimed that there is an improper joinder of causes of action against Mrs. Folger in which Emily Grant has no interest and *vice versa*.

This action is apparently brought to recover property in the possession of the defendants, Folger and Grant, and that is the cause of action declared upon in the pleadings. Such being the nature of the cause of action, Mary A. Folger and Emily Grant were both necessary parties.

The claim that none but executors, administrators or trustees can bring an action to construe a will or other instrument has little pertinence to the questions involved upon this demurrer. The question here is whether any cause of action is made out, and not a question as to the ultimate or temporary disposition of property under the will.

As already observed, the question as to whether an action for an accounting will lie, it is not necessary now to determine, because if the plaintiffs are entitled to any relief upon the facts set out in their complaint the demurrers must be overruled.

Upon a careful consideration of these three remarkable instruments, viz., the will, the agreement and the complaint, each being *sui generis*, we have come to the conclusion that the complaint states a good cause of action to recover some property of some value from the demurring defendants, and that the demurrers were properly overruled.

The judgment should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.