(18 App. Div. 27.)

ALLEN v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

1. WILLS—CONSTRUCTION—TRUSTS.

A fund was bequeathed to a trustee to collect the income and pay it "to and for the support of A. (wife of my son H.), and of her said husband, H., and the support, maintenance, and education of the children of the said H., for and during the natural life of the said A., the same to be paid to her from time to time; * * * and upon her death, in case her said husband

survives her, then the said trustee" is to pay over the income "to and for the support and maintenance of my said son H. and his family, and the support, maintenance, and education of his children, for and during his natural life, and upon his death the said trustee shall pay over" the fund to the children of A. *Held*, that the right of the beneficiaries to participate in the benefits of the income did not depend on a continuation of the family relation, and therefore the rights of A. were not cut off by a decree of divorce rendered against her.

2. JUDGMENT—EFFECT—MATTERS LITIGATED.

The complaint in a divorce suit contained the usual allegations, but there was no allegation in regard to a testamentary trust which had been created for the benefit of the parties to the action and their children, nor any demand for an adjudication in regard to it. The answer admitted some of the allegations and denied the others. The referee found the existence of the trust, and that plaintiff was entitled to a divorce and to the income of the trust fund. The referee's report was confirmed, and a decree was entered that plaintiff was entitled to the income of the trust fund. There was no award of alimony. *Held*, that the right of defendant to participate in the income of the trust fund, not being within the issues, was not affected by the decree.

Appeal from special term, New York county.

Transferred from First department.

Action by Harry Allen against Farmers' Loan & Trust Company and others to have plaintiff's interest in the income of a trust fund adjudged and determined, and for a judgment requiring defendant Annie Odell Allen to account. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James L. Bishop, for appellant.

Geo. Welwood Murray and Charles P. Howland, for respondents.

HATCH, J. The will of Ethelinda V. Allen, mother of the plaintiff, created the defendant the Farmers' Loan & Trust Company a trustee of certain property, for the following purpose:

"To collect and receive the interest and income thereon from time to time, and pay over the same semiannually to and for the support and maintenance of Annie Odell Allen (wife of my son Harry Allen), and of her said husband, Harry Allen, and the support and maintenance and education of the children of the said Harry Allen for and during the natural life of the said Annie Odell Allen, the same to be paid to her from time to time, and upon her separate receipt; and upon her death, in case her said husband survives her, then the said trustee or its successor is to have and to hold the said bonds or other securities in trust, and to collect and receive the interest and income thereon from time to time, and pay over and apply the same semiannually to and for the support and maintenance of my said son Harry Allen and his family, and the support, maintenance, and education of his children for and during his natural life; and, upon his death, the said trustee or its successors shall pay over the said principal sum, whether invested in bonds or other securities, with any accumulations of interest thereon equally, share and share alike, to the lawful issue (if any) of my said son Harry Allen, and to the issue (if any) per stirpes of such as shall have died."

The will further provided that if the said Annie Odell Allen should survive her husband, and remarry, she should cease to receive any interest or derive any benefit from the trust fund. In

such event the principal sum was to be paid over to the lawful issue of the said Harry Allen. The will further provided that neither the said Annie nor the son Harry, nor either of them, "have the right or power to anticipate, assign, charge, or in any manner incumber the said interest or income, or any part thereof; nor shall the same or any part thereof be in any manner subject to or chargeable with any debt, liability, or other obligation of them or either of them, it being my intention that the said interest or income shall only be applied to the uses and purposes as herein declared." By a further provision, the said trustee might be required, upon the joint written request of the said Annie and Harry, to convert the said securities into money, and reinvest them in other securities.

Upon the death of the said Ethelinda V. Allen, Harry and Annie Allen were living together as husband and wife. The issue of the marriage consisted of three children, two of whom are presently married, and the other, an infant, now resides with her mother. The parties continued to live together as husband and wife, the latter receiving the income from the trust fund, and applying it to the maintenance of herself, her husband, and her children. In February, 1893, Annie Odell Allen commenced an action against Harry Allen to obtain a divorce a vinculo. The complaint in that action was in the usual form appropriate to such actions. Its averments were the marriage of the parties; the residence of the plaintiff, the commission by the defendant of several acts of adultery, specifically alleged; that such acts were committed without the consent, connivance, privity, or procurement of the plaintiff; that five years had not elapsed since the fact was discovered; and that plaintiff had not cohabited with the defendant since such discovery. The issue of the marriage was alleged, and the demand for judgment was that the bonds of matrimony between the plaintiff and defendant be dissolved, that the custody of the minor children be awarded to the plaintiff, and that a reasonable provision for the support of the plaintiff and her said children be made out of the property of the defendant, and for the costs of the action. There was no allegation in relation to the trust fund or the income therefrom, and no demand was made for any adjudication by the court in respect thereto. The defendant answered by admitting the marriage, the issue thereof, and denied all the other allegations of the complaint. The cause, being at issue, was referred to a referee for trial. The referee made his report therein, finding the admitted allegations of the complaint; also, that the defendant was guilty of an act of adultery. The referee also found the existence of the trust provided for in the will of the mother and the payment of the income thereunder. As conclusions of law, he found that a divorce absolute should be decreed, awarded the custody of the infant child to the plaintiff, and further found that the plaintiff was entitled to receive and apply to the maintenance and support of the said children and of herself the income from the trust funds contained in the will of the mother, and adjudged that the defendant pay the

costs and disbursements of the action. Upon motion to confirm the report of the referee, the recital is that the attorneys for the defendant "appearing on this motion, but not opposing," the same was confirmed, and judgment was entered thereon, providing, inter alia, "that the said plaintiff is entitled to receive, and apply to the maintenance and support of the children of said marriage and of herself, the income" from the trust fund referred to in the report of the referee. There was no decree for alimony made in the judgment, and none was reported in the findings or conclusions of the referee. This action seeks to reach the trust fund, and have the plaintiff's right and interest therein determined, and have the same applied to plaintiff's maintenance.

The court below, in the conclusions reached by it, proceeded mainly upon two grounds: First. That the trust fund was set apart for the maintenance of the plaintiff in connection with the family; that it did not create a separate divisible interest in any of the beneficiaries named, but was paid to the wife for the support of the family, whose existence, it was contemplated, would continue; that as the defendant, by his own act, placed himself beyond the pale of the family relation, he has made it impossible for him to share in the benefits derived from the trust fund. Second. That the decree is to be treated as an award of alimony, and that the plaintiff, having appeared by attorney, and not opposing confirmation of the report, is to be treated as having consented thereto.

We do not think that the terms of the trust will bear the construction placed upon it by the court below. The language of the trust is absolute for the disposition of the income to the support of the wife, the husband, and the children, and the rights of each therein are made equal to the extent of support and maintenance, and each has a vested interest therein. There is no mention made in this clause of a family relation, or that the continued existence of one is contemplated, save that the relations of the parties in interest would naturally constitute an association in the family relation. But the income could be easily applied and effect given to the provision, although there should be no family relation existing. This provision is to continue during the life of the wife. If the husband survive the wife, the income is to be devoted to the support of the husband and his family, and the support, maintenance, and education of his children. This clause of the trust continues to provide for the son's support and maintenance, and contemplates that he may have a family relation after the death of the wife. This might arise by remarriage, and the trust clearly contemplates that contingency. The entire language of the trust is in the disjunctive. It is, first, the wife, and the husband, and the children,—the son and the family and the children. The first clause provides for payment to the wife, to be by her applied; the second to the son, to be by him applied. In the event the wife survives, her interest in the fund is made contingent upon her not remarrying. But there is no provision contained in the trust whereby the son is to be cut off from his right in the income. Such right continues until his death. While the income is to be receipted for during the life of

45 N.Y.S.—26

the wife by her, yet the right of the son therein is clear, and his joint interest therein is further recognized by the clause that he shall join in a request before any sale of the securities and reinvestment can take place, and, if he survives the wife, he is empowered to make it alone. There is no language in the trust which in terms requires that the family relation shall continue in order to authorize participation in the fund, while it is quite clear that many contingencies may arise where the relation would be broken up without fault of either party. The record shows that two of the children have married, and have instituted families of their own. The wife does not maintain a separate domicile, but lives with her mother. But it is not argued that the wife and the children are not entitled to support and maintenance because the family relation no longer exists. The law does not favor forfeitures, and divestiture of rights cannot be worked by subsequent conditions, unless there be clear words indicative of such intent. Post v. Weil, 115 N. Y. 361, 22 N. E. 145; Lyon v. Hersey, 103 N. Y. 264, 8 N. E. 518. If this trust should be construed as having application to the continued existence of the family relation, and that the persons therein named were not entitled to take unless in such relation, then, as it no longer continues, the purpose of the trust would have failed, and the trustee would hold the estate for the benefit of the heir as a resulting trust. 1 Perry, Trusts, § 160. But we think that no such relation was contemplated as a condition of participation in the benefits of the income derived from the trust, but that each as individuals became entitled to participation therein, of which interest plaintiff could not be deprived, although the family relation no longer continued. The action for divorce did not embrace within its issues any question relating either directly or remotely to the rights of plaintiff in and to the trust estate. His rights therein could not therefore be made the subject of adjudication and disposition by the court.

This point was squarely decided by the court of appeals in Campbell v. Consalus, 25 N. Y. 613, where the court say, in speaking of the legal effect of a judgment:

"To make such proceedings and judgment thus conclusive, it should have appeared, not only that the amount due on the mortgage was litigated, and found by the referees in such prior action, but it should also have appeared, by the record of the judgment in such prior action, that the amount due on the mortgage was put in issue by the pleadings in such prior action. * * * Even an agreement between the parties, that matters foreign to the pleadings shall be given in evidence, and decided by the verdict of a jury, will not, it seems, enlarge the operation of a judgment entered on such verdict by way of estoppel."

The doctrine of this case is clearly recognized, and has been uniformly applied, whenever the question has arisen. Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Shaw v. Broadbent, 129 N. Y. 114, 20 N. E. 238. The issues presented in the action for divorce were as foreign to an adjudication upon the rights of the plaintiff in and to the trust fund created by the will of his mother as could well be imagined. There was nothing therein which could, by any stretch of judicial power, embrace the right to adjudicate upon this trust provision. The court was clearly without jurisdiction of the subject-matter.

The language used by Mr. Justice Brown in Clapp v. McCabe, 84 Hun, 388, 32 N. Y. Supp. 425, is peculiarly appropriate in application to the facts of this case:

"If a woman should sue her husband upon a promissory note, and, upon default of answer, the court should grant her a divorce, no one would claim that such a judgment had any force or validity, and yet it could be argued that the court had jurisdiction of divorces, and the judgment was within its general powers. But the answer to such an argument would be that the power of the court to grant a divorce had not been called into action, and no case had been presented in which it could lawfully be exercised, and the judgment of divorce would be absolutely void. The result would be the same if, in an action upon a note, a judgment was rendered foreclosing a mortgage."

. In the present case the action was brought to obtain a divorce, and the judgment has not only accomplished that purpose, but has determined the rights of plaintiff in and to a trust fund, and has deprived him of all benefit therein.   It is said that he answered and appeared upon the motion to confirm the report, and that he is concluded thereby from questioning the judgment.   But we have already seen that such fact does not enlarge the judgment by way of estoppel, and consequently his right in the fund is not concluded.

The record does not show that the plaintiff appeared before the referee in the divorce action, nor does anything appear which in the slightest degree conferred any power upon the referee to adjudicate or report upon the trust estate or the right of the plaintiff therein. The order of reference only empowered him "to hear and determine this action and the issues therein, and to report thereon to this court."   There was not even a reference in the issues to the trust estate or anything else which conferred upon the referee the extraordinary authority which he assumed to exercise.   There is no consent that he determine that question.   If the appearance of the attorneys for the defendant upon the motion to confirm be construed as a consent to the confirmation of the report, still such consent could not be construed beyond authority to confirm and enter a proper judgment thereon within the issues and the power of the court.   It could not operate to confer consent upon the court to render a judgment which it was without jurisdiction to render, and which up to that moment had been entirely foreign to the subject-matter of the action.   Such a conclusion is without the sanction of authority, and is opposed to reason.   Nor can the provision be treated as an award of alimony.   The judgment does not purport to do that.   Its provisions are that the wife shall be entitled to receive and apply the trust moneys to the support of the children and herself.   Its effect is not to make provision for her support and maintenance from the property of the husband, but to deprive him of his property right.   The authority to award alimony is derived solely from the statute.   The power vested in the court is to provide in the final judgment for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice requires.   Code Civ. Proc. § 1759.   The provision in the statute respecting the award of alimony has always been in substance the same.   It was and is a provision for maintenance and support.   It was said in Burr v. Burr, 10 Paige, 20: " 'Support and

maintenance' are not the phraseology which would be used if the legislature intended an alienation of an estate, or a transfer in perpetuity to a person of either real or personal property." In Crain v. Cavana, 62 Barb. 109, the court held that the statute did not permit of the allowance of a gross sum to the wife for support to be paid by the husband in satisfaction of all alimony, dower, or distributive share in the estate of the husband. In Doe v. Doe, 52 Hun, 405, 5 N. Y. Supp. 514, the court condemned an appropriation and transfer of certain personal property of the husband to the wife, by way of an allowance of alimony. These cases proceed upon the theory that the right of the wife to support, and the obligation of the husband to secure it, do not exist as a debt, but are a duty which arises out of the marital relation. This duty is made continuous, and is provided for, or may be, upon the dissolution of the marriage contract, by specific provision for the wife's support, to which has been added, by the statute, the maintenance of children. But even then it does not become a debt due to the wife. It still rests upon the original duty to support. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826. The duty never rested upon the husband to transfer his property to his wife. and there is nothing in the statute authorizing a divorce which confers power upon the court to compel a transfer of property from the husband to the wife, or effect such a transfer by its decree. The most it can do is to make provision for support and maintenance, and resort must be had to other remedies to compel its payment, and, in the exercise of this authority, it may, in a proper case, reach a trust fund created for the benefit of the husband. Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169. But we are unable to find any support for the judgment rendered in the decree of divorce so far as it provides for the transfer of the plaintiff's interest in the trust estate. The right, if any, now existing in the wife to reach this trust fund, must be sought for in other channels than in the authority of the judgment. We are not authorized to maintain a claim, however worthy it may be in itself, unless we can find some authority in law upon which it may legally rest. We find none here.

The judgment should be reversed, and a new trial granted. All concur.