ISABEL G. WOODRUFF, Respondent, *v.* AMOS WOODRUFF, Individually and as Trustee, etc., of AMOS WOODRUFF, Deceased, and HENRY C. WOODRUFF, Appellants, Impleaded with RACHEL S. WELLS and Another.

*Will — a trust to pay over the income of a fund to a son "for the proper support and maintenance of himself and his children," construed.*

A testator by the 6th clause of his will gave to his son Henry C. Woodruff "the use of the dwelling house  *  *  *  where he now resides, to be used as a residence for himself and children," until the decease of the testator's wife if she survived him, but if she died before him then until the decease of the testator himself. By the 13th clause he bequeathed a fund in trust "to invest and keep the same invested and to collect the income and interest thereof and pay over so much of the income and interest (or all of it if necessary) to my son Henry C. Woodruff, or pay out the same for him, as will be necessary for the proper support and maintenance of himself and his children and for the education of his children during the life of the said Henry C. Woodruff. The same is to be paid to him, or for him, in equal monthly payments, and to invest the surplus, if any, of such income and interest, to be accumulated, and after the decease of the said Henry C. Woodruff, to pay the principal of the said share and the accumulations, if any, to the children of the said Henry C. Woodruff, to be divided equally between them, share and share alike."

*Held,* that the trust created was for the benefit of Henry C. Woodruff and his children individually and not collectively;

That the fact that two of the three children of Henry C. Woodruff were married and were presumably supported by their husbands, and that his remaining child, who was unmarried, had voluntarily left her father's house, did not deprive them of their right to share in the income of the trust fund, as such right was not dependent upon the continuance of the family relation;

That they were, however, only entitled to such income to the extent necessary for their support and maintenance, and not to the same proportion of the income of the trust fund as they would be entitled to in the principal of the trust fund on the termination of the trust;

That the provision of the will respecting the accumulation of the income was void and that such accumulation passed to the persons entitled to the next eventual estate in the trust fund, viz., the children of Henry C. Woodruff;

That the trustee was not bound to account to the children of Henry C. Woodruff for any portion of the income paid to the latter prior to the commencement of the action.

VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

APPEAL by the defendants, Amos Woodruff, individually and as trustee, etc., of Amos Woodruff, deceased, and Henry C. Woodruff,

from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of March, 1900, upon the decision of the court, rendered after a trial at the New York Special Term, in an action brought to construe certain provisions of the last will and testament of Amos Woodruff, deceased, except so far as it adjudges that the defendant Henry C. Woodruff has a vested interest in the yearly net income of the share of the estate of Amos Woodruff, deceased, bequeathed to the defendant Amos Woodruff upon the trusts set forth in the 13th clause of his will, and except so much as adjudges that said defendant Henry C. Woodruff is entitled to receive not less than one-half of such income.

*Henry B. Hathaway*, for the appellants.

*J. Mayhew Wainwright*, for the respondent.

Patterson, J. :

The plaintiff, claiming to be a beneficiary of a trust created by the 13th clause of the will of Amos Woodruff, her grandfather, brought this action to have her relation to that trust defined and to have it enforced for her benefit. By the clause of the will referred to, the testator directed that the net proceeds of his personal property, not otherwise disposed of, and the proceeds of sale of his real estate should be divided into five equal parts, as to one of which parts the following disposition was made, viz., " I also give, devise and bequeath one of those shares to Amos Woodruff, Junior, in trust nevertheless, for the following uses and purposes, that is to say, to invest and keep the same invested and to collect the income and interest thereof and pay over so much of the income and interest (or all of it if necessary) to my son, Henry C. Woodruff, or pay out the same for him as will be necessary for the proper support and maintenance of himself and his children and for the education of his children during the life of the said Henry C. Woodruff. The same is to be paid to him, or for him, in equal monthly payments, and to invest the surplus, if any, of such income and interest, to be accumulated, and after the decease of the said Henry C. Woodruff, to pay the principal of the said share and the accumulations, if any, to the children of the said Henry C. Woodruff, to be divided

equally between them, share and share alike, to have and to hold the same to such children or to the legal representatives of each to and for their own use and benefit respectively forever."

It appears in proof that at the time of the death of the testator, Amos Woodruff, his son, Henry C. Woodruff, was a widower with three children. Some years after the death of his father, Henry C. Woodruff remarried, but it would appear that there are no children of the second marriage. His three children are Isabel G. Woodruff, the plaintiff, who is unmarried, Rachel S. Wells and Kate W. Woodward, who are both married and are presumably supported by their husbands. It also appears that the income of the one-fifth of the property held in trust referred to amounted to about $2,000 a year; that the trustee paid therefrom to Henry C. Woodruff, personally, about $150 a month, and that he held in his hands as accumulations at the time this cause was tried about $1,500. It also appears that the plaintiff about eight years ago left her father's house and since then has lived with her sister, Mrs. Wells. The plaintiff claims a right as a *cestui que trust* to some portion of the income of the trust fund for her support. Mrs. Wells claims and Mrs. Woodward was adjudged to have a similar right. After the trial at Special Term the court decided that Henry C. Woodruff and each of his three children had an interest in the net income and share of the estate devised and bequeathed to Amos Woodruff, Jr., in trust for the benefit of Henry C. Woodruff and his children; that the defendant Henry C. Woodruff was entitled to receive one-half of the net yearly income and interest during his lifetime of that share, and that the plaintiff, Mrs. Wells and Mrs. Woodward were each entitled to receive one-sixth of such yearly net income and interest during the lifetime of their father, and that the trustee be required to pay directly to Henry C. Woodruff one-half of said income and interest during his lifetime, and to the plaintiff and the defendants Rachel S. Wells and Kate W. Woodward each one-sixth thereof during the lifetime of said Henry C. Woodruff; that the plaintiff and her two sisters were each entitled to receive and the trustee was directed to pay over to each of them one equal undivided one-third part of the surplus or accumulated income, appearing to be about $1,500, and that on an accounting (which was directed) Henry C. Woodruff and the trustee were jointly liable to

the plaintiff and her sisters in the proportion of one-sixth to each, for amounts of income paid by the trustee to Henry C. Woodruff for several years prior to the commencement of this action.

*First.* The decision of the learned judge at Special Term defining this trust as one created for the benefit of Henry C. Woodruff and his children individually and not collectively, we think makes the proper interpretation of that part of the 13th clause of the will now under consideration. It was the intention of the testator to provide for the support of his son Henry and for the education and maintenance of the children of that son during the life of said son, the trust fund to be equally divided among such children upon the termination of the trust with the life of Henry C. Woodruff. The claim of the trustee and of Henry C. Woodruff is that the plaintiff and her sisters have no right to any portion of the income unless the family relationship was maintained, and that the plaintiff having ceased to live with her father, and her sisters having married, they are entitled to no portion of the income — in other words, the contention is that the plaintiff and her sisters were entitled in no event to support, except through their father, who was to be the recipient of the whole income — less what the trustee might accumulate under the provision of the will. We think this contention is untenable. The children were entitled to a portion of the income for education, and, in plain words, they are also entitled to it for maintenance. The testator's son was entitled to support, but not absolutely to the extent that would exhaust the whole income. The trustee was not bound to pay the whole income to Henry C. Woodruff for his personal use. He might pay it for or to the use of Henry Woodruff for his support or for the support of his children. As was said in *Allen* v. *Farmers' Loan & Trust Co.* (18 App. Div. 27) " there is no mention made in this clause of a family relation or that the continued existence of one is contemplated, save that the relations of the parties in interest would naturally constitute an association in the family relation. But the income could be easily applied and effect given to the provision, although there should be no family relation existing." Nothing contrary to this view is to be gathered from other provisions of the will. It is suggested that the 6th clause affords ground for the contrary construction of the provision

FIRST DEPARTMENT, NOVEMBER TERM, 1900.        [Vol. 54.

of the 13th clause now under consideration. By that 6th clause the use of a dwelling house in the city of New York as a residence for Henry C. Woodruff and his children free from rent and taxes is given, and it is urged that by the 6th clause a dwelling house being provided for Henry C. Woodruff and his children, by the 13th clause provision is made for their support and that thus the continuance of a family relation was contemplated by the testator. But it will be noticed that under the 6th clause the use of the dwelling house is given to Henry C. Woodruff and his children only until the decease of the testator's wife, if she survive him, but if she died before him then that use was only given until the decease of the testator himself.

*Second.* While we agree with the trial judge as to the general nature of this trust, we do not concur with him in the view that the children of Henry C. Woodruff were entitled to share in the income of the trust fund in the same proportion in which they would be entitled to that fund in remainder on the termination of the trust. There is nothing in this will which authorizes a distribution of the income in that proportion or which entitles the plaintiff and her sisters to claim any definite or fixed amount of the income. Under the provision in question, the trust income should be apportioned among the beneficiaries in such way as to provide for the necessary support and maintenance of Henry C. Woodruff and his children. The words of the will are that the trustee shall " pay over so much of the income and interest    *    *    *    as will be *necessary* for the *proper* support and maintenance," etc. If no part of the income were necessary for the support of Mrs. Wells or Mrs. Woodward it would be competent to apportion the income between Henry C. Woodruff and the plaintiff. The division of the income made by the learned judge is altogether arbitrary. There is evidence to show that the plaintiff requires some portion of this income for her support. There is none to show that her sisters do, and, therefore, we are of the opinion that upon this branch of the case the decision of the court below was erroneous.

*Third.* The ruling of the trial judge as to the accumulations was correct. The provision of the will respecting the accumulation of any portion of the income is clearly void under the statute. Those accumulations were made strictly in accordance with the provision

of the will and in furtherance of an invalid intention of the testator. It was not his purpose that any part of what the trustee might set aside as accumulation should ever go to Henry C. Woodruff, and as the trustee has never apportioned any part of the accumulations as income to Henry C. Woodruff, he cannot claim any of it in any relationship, but the amount thus accumulated must take the direction which the statute gives it and go to those entitled to the next eventual estate in the trust fund, namely, the plaintiff and her two sisters. (1 R. S. 726, § 40.)

*Fourth.* Neither Henry C. Woodruff nor the trustee is bound to account to the plaintiff or her sisters for any portion of the income heretofore paid by the trustee to Henry C. Woodruff. Previous to 1896, a general notice was served upon the trustee of the claimed rights of the plaintiff in and to the trust fund, notwithstanding which he continued to pay $1,500 a year to Henry C. Woodruff; but those payments were made strictly in accordance with the authority given to him by the will. We cannot ignore the provision that he was authorized to pay directly to Henry C. Woodruff. He did, in this respect, nothing more nor less than his duty. It may be that Henry C. Woodruff was constituted a sub-trustee to pay over a portion of what he received to his children needing support, but as none of them seem to have demanded anything from him, it would be inequitable now to charge him with moneys received before the commencement of this action. But as neither the trustee nor Henry C. Woodruff has paid anything to the children, and both claim that those children have no right separate from their father, we think this is one of the cases in which the court, in the exercise of its jurisdiction over trusts and on the failure of either the father or the trustee to provide for the children's support, will assume itself the distribution of the income among those entitled to it by reason of their requiring support.

The judgment in this case is an interlocutory one, for it provides for an accounting and a reference, and that judgment should be modified by providing : *First.* That the plaintiff and her sisters are entitled to share in the income for their support if any portion of the income is required for that purpose. *Second.* That the accumulations shall be divided among the plaintiff and her sisters. *Third.* That the referee named in the interlocutory judgment ascertain and

First Department, November Term, 1900.          [Vol. 54.

report which of the children require income of this trust fund for their support and what proportion of such income should be paid to Henry C. Woodruff and what to either or all of the children. *Fourth.* That the trustee and Henry C. Woodruff are neither of them required to account for moneys paid to Henry C. Woodruff prior to the commencement of this action.

The costs of the plaintiff and of the trustee to be paid out of the income of the trust fund.

Rumsey and O'Brien, JJ., concurred; Van Brunt, P. J., and McLaughlin, J., dissented.

McLaughlin, J. (dissenting):

I dissent. It seems to me that the testator intended that so much of the income derived from the trust estate as would enable his son Henry to properly support himself and family, and educate his children, should be paid and belong to him. The words used to express the intent negative any other conclusion. His words are, "invest and keep the same invested, and to collect the income and interest thereof, and pay over so much of the income and interest, (or all of it if necessary) to my son Henry C. Woodruff, or pay out the same for him, as will be necessary for the proper support and maintenance of himself and his children and for the education of his children during the life of the said Henry C. Woodruff. The same is to be paid to him, or for him, in equal monthly payments * * *." What did the testator mean? What did he have in mind? What did he want done with the income? Manifestly, that all of it if necessary was to be given to Henry for the purpose mentioned. Unless this be so, then there is no force in the words "for the proper support and maintenance of himself and his children and for the education of his children."

This view is also sustained when this clause of the will is read in connection with the 6th clause, in which the testator gave to Henry, for a specified time, "the use of the dwelling house * * * where he now resides, to be used as a residence for himself and children * * *." The legal right of the children, or any of them, to the income, or any part of it, paid by the trustee to Henry, is limited to support and education while they are *members of Henry's family.* Two of the daughters are now married and are

presumably supported by their respective husbands, upon whom rests the legal obligation to support. The third daughter voluntarily left her father's house and refused to be there supported by him. Under such circumstances, neither she nor the other two daughters have any right to receive any part of the income paid by the trustee to Henry. There is no magic in the words "or pay out the same for him." This expression means that the same is to be paid as he may direct. The income was for him. It was for his benefit. It was directed to be paid to him, and it was to be actually paid to him unless he directed otherwise.

The case of *Pell* v. *Folger* (68 Hun, 443) is in point. There the testator bequeathed to his wife certain property and provided that "every and all of said property to be used and the income from it to be received and used for the benefit of herself and sister Emily Grant, during the natural life of my wife;" and it was held that Emily Grant had no interest in the estate, the court saying that the property was held by the wife "for the benefit of herself and her sister, it is true; but it is equally evident that it was optional with her what amount should be used for the benefit of her sister, and no legal obligation which could be enforced rested upon her in that regard." Here it was optional with the trustee as to how much of the income should be paid to Henry, and once that payment was made, then it was optional with Henry how much of the same should be used for the support of his family, including the, plaintiff and the other two daughters, if they were members of his family, and how much of it should be used for the education of his children. For these reasons I cannot concur in the opinion of Mr. Justice Patterson.

I think the complaint should have been dismissed, except as to the accumulated income, and as to that, it should be divided equally among the three daughters.

Van Brunt, P. J., concurred.

Judgment modified as directed in the opinion, and as modified affirmed, the costs of the plaintiff and of the trustee to be paid out of the income of the trust fund.